SIMON SUTTON, APPELLANT, VS. THE STATE OF FLORIDA.

1. The carrying arms on the person partially concealed is construed to be a violation of law prohibiting the carrying of arms secretly. The statute provides that arms shall be carried openly outside of all the clothes.

Appeal from Suwannee Circuit Court.

This case was decided at Tallahassee.

A statement of the case is contained in the opinion of the Court.

*John A. Warrock* and *A. A. Knight* for Appellant.

The appellant excepts to the charges of the Judge in the court below, and insists that a weapon carried on the person so as to be seen, does not come within the statute, " secretly." Thomp. Dig., 498.

That in this case the pistol was partly in the band of the pantaloons and partly out, so that it could be seen by any and all, and therefore not concealed. Ibid.

That the proviso means any pistol outside of all his clothes, so that it may be distinguished. Ibid.

*The Attorney General* for the State.

BAKER, J., delivered the opinion of the Court:

This is an appeal from the Circuit Court of Suwannee county.

The defendant was indicted, tried and convicted for carrying arms secretly, and fined twenty-five dollars.

The witness, Joseph Stewart, testified on the trial of the case that he met the defendant on the road from Houstoun ; passed close by him ; saw the butt of a pistol sticking out of his pants ; sometimes his coat covered the pistol, at other

times not; saw the defendant on another occasion with the same pistol in his hand; knew it to be the same; the defendant did not put it under his clothes but laid it on the table, &c.

The court charged the jury that if they found at any time the pistol was covered by the coat, or if it was stuck in his pants and a part of it exposed, "that, under the statute, it was not carrying arms openly outside of all the clothes."

The defendant's counsel excepted to the charge of the court, and "insisted" that "a weapon carried on the person so as to be seen, does not come within the statute "secretly;" 2d, that the proviso means "any part of the pistol outside of all the clothes so that it may be distinguished."

The statute under which this indictment was found provides, "that hereafter it shall not be lawful for any person in this State to carry arms of any kind secretly on or about their person, &c.: *Provided*, that this law shall not be so construed as to prevent any person from carrying arms openly outside of all their clothes." Th. Dig., 498, §5.

The Legislature by which this act was passed evidently attached to it more than usual importance, regarding the enforcement of its provisions as necessary for the protection of human life, and for the preservation of the peace and good order of the State. And to secure this desired end they made it the "duty of the Judges of the Circuit Courts in this State, to give the matter contained in this act in special charge to the Grand Juries in the several counties in this State, at every session of the court." Thomp. Dig., 498.

The statute was not intended to infringe upon the rights of any citizen to bear arms for the "common defense." It merely directs how they shall be carried, and prevents individuals from carrying concealed weapons of a dangerous and deadly character, on or about the person, for the purpose of committing some malicious crime, or of taking some undue advantage over an unsuspecting adversary. When

no such evil intentions possess the mind, men in vexed assemblies or in public meetings, conscious of their advantage in possessing a secret and deadly weapon, often become insulting and overbearing in their intercourse, provoking a retort or an assault, which may be considered as an excuse for using the weapon, and a deadly encounter results, which might be avoided where the parties stand on a perfect equality, and where no undue advantage is taken.

We have seen that the legislature, in view of the public policy which called for the passage of this act, in the most emphatic manner, makes it the duty of the Judges of the Circuit Courts in the State to use all their legitimate powers for the purpose of having this law enforced in every locality or county, strictly in accordance with its spirit and meaning, and in view of the mischief it was intended to remedy.

It is urged by the counsel for appellant, that if any part of the weapon can be seen, it is not carried secretly within the meaning of the statute. If there could be any doubt about the proper construction to be given to this part of the statute, it would be removed by the clear and explicit language used in the proviso, which only authorizes arms to be carried openly outside of all the clothes.

The carrying of weapons, therefore, about the person, in any other manner, is illegal, and makes the party liable to the penalties imposed by the statute.

In the case before us, the pistol was at all times partially concealed by the pants, and sometimes entirely concealed by the coat, which brings this case within the very letter of the statute.

The charge of the Judge in the Circuit Court was in accordance with the law, almost in the exact language of the statute. The verdict of the jury is fully sustained both by the law and the evidence.

The judgment is affirmed with costs.