CASE No. 1108.

STATE v. JOHNSON.

1. One indicted under the act of 1880 (17 *Stat.* 447), for carrying a pistol concealed about his person, has the right, on demand, to have the jury explicitly instructed that it was necessary to a conviction that the State should prove that the pistol was concealed about his person.
2. A penal statute must be strictly construed, but not so as to defeat the obvious intent of the legislature.
3. The offense is complete under this statute if the prohibited weapon is so concealed as to be generally hidden from ordinary observation.
4. The purpose of the act is to prohibit, as far as consistent with the citizen's right to bear arms, the carrying of deadly weapons, with a view to prevent acts of violence and bloodshed.

Before ALDRICH, J., Edgefield, March, 1881.

Indictment against Hughes Johnson for carrying a pistol concealed about his person on January 30th, 1881. The defendant was convicted and sentenced to imprisonment in the penitentiary at hard labor for six months.

*Mr. J. C. Sheppard,* for appellant.

*Mr. Solicitor Bonham,* contra.

November 15th, 1881. The opinion of the court was delivered by

McIVER, A. J. This was an indictment under the act of December 24th, 1880, (17 *Stat.* 447,) entitled "An act to provide a punishment for carrying any deadly weapon concealed about the person." In the first section the act declares "that any person carrying a pistol * * * concealed about his person shall be guilty of a misdemeanor," &c. The charge in this case was that the defendant " carried concealed about his person a certain deadly weapon, to wit, a pistol." One of the witnesses testified that the defendant " had his pistol under his coat, but I saw it," while other witnesses testified that the pistol was carried in the waistband of his pantaloons. " The handle was sticking out so that any one could see it." "Anybody could see it who could see him." The report of the Circuit judge is very brief, and is in the following words: " It was argued that if the weapon could be seen it was not concealed. The proof was that the defendant had a pistol in his waistband, the butt sticking out in part. I charged the jury that the purpose of the legislature was to prevent this pernicious habit; that when one had a weapon on his person which could be seen in his pocket or in his waistband, he came within the meaning of the act, otherwise there could be no conviction under the law, for whenever a weapon was seen that would be an end of the case. It was for the jury to say if the defendant had a concealed weapon on his person in the meaning of the act. They found a verdict of guilty. I was asked to charge that the weapon 'must be concealed about the person,' and charged as I have here reported."

The defendant appeals on two grounds: *First*—Because there was error in charging "that the purpose of the legislature was to prevent this pernicious habit; that when one had a weapon on his person which could be seen in his pocket or waistband, he came within the meaning of the act." *Second*—"Because his Honor erred in refusing to charge, as requested by defendant's counsel, that in order to convict the defendant it was necessary for the State to prove that the weapon charged in the indictment was concealed about his person."

It will be observed that to constitute the offense charged it is necessary to show not only that the defendant carried about his person a weapon of the kind mentioned in the statute, but such weapon must be "concealed about his person." Hence, we think that the Circuit judge erred in declining, or, at least, omitting to charge as requested It may be, and doubtless is, the fact that the Circuit judge considered that he had sufficiently covered this point by the charge which he gave, but in this we cannot agree with him, for we think that the defendant had a right to have the jury explicitly instructed upon this point, as the fact of carrying a weapon *concealed* about the person constitutes the gist of the offense, inasmuch as merely carrying the weapon constitutes no violation of the statute, unless it is concealed about the person.

Whether the first ground of appeal can be sustained depends upon the construction which should be given to the word "concealed," as used in the statute. It is contended in the argument here that unless the weapon is *entirely* concealed from observation there is no violation of the law, and that when it is only *partially* concealed the statute is not violated. It is very true that the rule is that penal statutes must be construed strictly, but they are not to be so strictly construed as to defeat the obvious intention of the legislature. *United States* v. *Wiltberger*, 5 *Wheat.* 95; *American Fur Co.* v. *United States*, 2 *Pet.* 367; *United States* v. *Morris*, 14 *Pet.* 475. Now, in this case, if the word "concealed" should be construed to mean entirely or completely hidden from observation, then the manifest object of the legislature would be defeated, and the statute would, to a great extent, at least, be nugatory. For if a person could not be con-

victed unless the proof showed that the weapon was entirely and completely concealed, then it is difficult to perceive how in any case the act could be made effective, unless the person charged should furnish evidence against himself. It seems to us clear, therefore, that such cannot be the proper construction, but, on the other hand, that the true construction is that if the weapon is so concealed as to be hidden from ordinary observation, even though it may not be *entirely* concealed and might be seen on closer examination, the offense is complete, and that it is for the jury to determine from all the evidence whether the weapon is so concealed. Again, if the weapon is so carried as not to be at all times exposed to the ordinary observation of the bystanders, the offense would be complete, even though at times it might be exposed to such observation. For example, if the weapon is carried under the coat, not exposed to view except when the coat is removed or thrown back by the wind or other cause, this would be a concealment in the sense of the statute.

This being a recent statute, we are without the aid of authority here as to its proper construction, and the authorities elsewhere being cases construing special statutes, the terms of which are, perhaps, different from ours, do not throw much light upon the proper construction of our statute. We have, however, collected three cases which appear to be somewhat analogous to the case under consideration, in two of which the view which we have presented seems to have been adopted, while in the other an adverse view appears to have been taken.

In *Sutton* v. *The State*, 12 *Fla.* 135, the evidence was that the butt of the pistol was seen sticking out of the pants, sometimes covered by the coat, and the court held that the carrying of arms on the person, partially concealed, was a violation of the statute, which provides that "it shall not be lawful for any person in this State to carry arms of any kind secretly on or about their persons    *   *   *    provided that this law shall not be so construed as to prevent any person from carrying arms openly outside of all their clothes."

In *Jones* v. *The State*, 51 *Ala.* 16, it was held that to constitute concealment it is sufficient if the weapon be hidden from ordinary observation, although it may be seen on closer examina-

tion. In this case, however, a new trial was granted because the Circuit judge refused to charge the jury that they must acquit the defendant unless they were convinced, from all the evidence, that he did carry the pistol concealed about his person.

In *Stockdale* v. *The State*, 32 *Ga.* 225, a case cited and much relied upon by the appellant, it was held that where one carried a pistol in such a way as, though partially concealed, yet with enough of it to be seen to enable any one to see and know that it was a pistol, he could not be convicted under the act, the provisions of which are not stated in the case. The court argued that it was impossible for one to have and bear about his person a pistol without having some part of the weapon concealed from view; for even if he held it in his hand a part of the weapon would be hidden from view by the hand, and if, therefore, partial concealment should be held sufficient to constitute the offense, the practical result would be to prohibit the carrying of weapons at all, which manifestly was not the object of the legislature. This, however, seems to us to be an extreme view, and one which does not recommend itself for our adoption. The court goes on to say that the object of the (Georgia) act was "to compel persons who carried these weapons to so wear them about their persons that others who might come in contact with them might see that they were armed and dangerous persons, who were to be avoided in consequence." We, however, cannot regard this as the object of our act, but, on the contrary, we think that the purpose was, as far as may be consistent with the right of the citizen to bear arms, absolutely to prohibit the carrying of deadly weapons, with a view to prevent acts of violence and bloodshed, which are too apt to be committed by persons under excitement when they have at hand such effectual means of perpetrating such acts.

We think that portion of the charge excepted to by the first ground of appeal cannot be sustained without the qualification hereinbefore indicated, for, under such an instruction as that, a person might be convicted who carried a weapon in such a way that it could be readily seen by the ordinary bystander. So, too, as we have said, we think the defendant had a right to have the jury explicitly instructed that they could not convict unless the

weapon was concealed about the person, to which, of course, should be added an instruction as to the proper construction of the term "concealed" as used in the act, and that, taking the charge and the refusal or omission to charge as requested together, there is at least ground to apprehend that the jury may have been misled.

The judgment of this court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial.

SIMPSON, C. J., and McGOWAN, A. J., concurred.