## STATE v. JOHNSON.

1. APPEAL.—The State has the right to appeal from a judgment of the Court of General Sessions holding a city ordinance unconstitutional brought up by appeal of defendant from conviction by city court. MR JUSTICE GARY *dissents.*

2. CONSTITUTION—ORDINANCE.—A CITY under its police power may adopt an ordinance prohibiting the firing of firearms and the ordinance is not unconstitutional in that it infringes upon the constitutional right of the citizen to bear arms. That the same ordinance permits

coopers to build fires below the curtain line and prohibits others from building such fires does not render it invalid, but if it did, the respondent here could not invoke it as a ground for adjudging the ordinance invalid in his case.

Before TOWNSEND, J., Charleston, November, 1904. Reversed.

Indictment by city council of Charleston against J. W. Johnson. From judgment of Sessions Court reversing judgment of police court, State appeals.

*Solicitor P. T. Hilderbrand* and *Mr. Geo. H. Moffett,* for appellant. The latter cites: *Ordinance is within police power:* 22 Ency., 916, 918. *It does not abridge right to bear arms:* 92 U. S., 542; 116 U. S., 265; 123 U. S., 131; 16 S. C., 191; 55 S. C., 594; 61 S. C., 99; 18 A. M. R., 338; 136 U. S., 2, 49, 67; 14 L. R. A., 604. *Part of an act may be adjudged unconstitutional and remainder stand:* 30 S. C., 368; 59 S. C., 110; 95 U. S., 80; 103 U. S., 717. *Fine is reasonable:* 27 Pac. R., 436.

*Mr. Wm. Henry Parker,* contra (oral argument).

January 17, 1907. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The defendant was convicted before the police court in the city of Charleston for violating the 694th section of the city ordinances of Charleston, S. C., for firing a gun in said city, and was duly sentenced to pay a fine of $10. From this sentence the defendant appealed to the Court of General Sessions of Charleston County on the following two grounds: First, that section 694 of the city ordinances is unconstitutional, null and void, in that it interferes with the constitutional right of the citizen to bear arms, and also discriminates against one class of citizens in favor of another class of citizens, and, second, that the fine imposed is excessive.

This appeal, on the aforesaid grounds, came on for a hearing before his Honor, Judge Townsend, who decided that such judgment should be set aside and the defendant discharged. From that decision the city council has appealed upon the following five grounds:

"First. Because his Honor erred in holding as follows: 'An examination of the ordinance suggests that its apparent intent and purpose was, in the exercise of the police power of the municipality, to guard against certain risks and annoyances resulting from the unrestricted use of fire-works, making of fires or bonfires in the open and flying of kites, the evident purpose being to restrict the community, not in matters of great moment or necessity but rather in more trivial matters, amusement and pastime.' Whereas, his Honor should have held that the said ordinance was passed in the exercise of the discretion vested in the city of Charleston for the protection of the life and safety of the inhabitants of the city, and not in trivial matters of amusement.

· "Second. Because his Honor erred in holding that 'by an inconsiderate after thought, the firing of "any gun, pistol or other firearms" was included in the ordinance in such terms as amount to an absolute prohibition, 'unless it be on occasion of some military parade.' " Whereas, it is respectfully submitted that the ordinance does not amount to an absolute ' prohibition of the constitutional right to bear arms, but is a wise and necessary regulation for preserving peace and order within the city.

"Third. Because his Honor erred in holding that the ordinance would in terms deprive the citizen of this right (to bear arms), and is, therefore, in so much as relates to firearms, unconstitutional and void. Whereas, his Honor should have held that the ordinance in question was a salutary and wise regulation of the use of firearms within the limits of the city of Charleston, and was necessary for the protection, security and welfare of the inhabitants of the community.

"Fourth. Because his Honor erred in holding that the ordinance in question excepted coopers alone from the operation of a part of the ordinance, on the ground, presumably, of the inconvenience that would result to them in their business, would seem an unjust discrimination in favor of that class of citizens, and might add another element of unconstitutionality to that which has been already adjudged. Whereas, his Honor should have held that defendant was charged solely with the offense of violating that portion of the ordinance which prohibits the firing of a gun within the limits of the city of Charleston, to which the exemption of coopers did not apply, and that even if a portion with which defendant was not concerned of the ordinance would be held unconstitutional, that this would not affect the other portion of the ordinance which was before the Court.

"Fifth. Because his Honor erred in ordering that the judgment of the police court be set aside and the defendant discharged; whereas, his Honor should have affirmed said judgment."

The majority of the Court are of the opinion that the State has the right of appeal in this case. The authorities settle that the State has the right of appeal from an order quashing an indictment. *State* v. *Young,* 30 S. C., 399, 9 S. E., 355; *State* v. *Bouknight,* 55 S. C., 357, 338 S. E., 451. In *State* v. *Long,* 66 S. C., 398, 44 S. E., 960, this Court entertained an appeal in behalf of the State on question raised in a manner similar to this case, treating it in substance as a motion to quash the indictment, or as a demurrer to the indictment. It is true, that the right of the State to appeal was not questioned in that case, but neither is such question made by counsel in this case.

We will now pass upon these grounds of appeal in their order.

First. We do not regard this ordinance unconstitutional and void, the section in question reading as follows: "No person or persons shall fire any squibs, crackers or other

fireworks within the city, except at times of public rejoicing, and at such times and places as the mayor may under his hand permit it; or shall burn any chips, shavings or other combustible matter, in any street, lane, alley, or open or enclosed lot, within the city (coopers excepted, who shall be permitted to make fires below the curtain line with the consent of the proprietors of the lots where they carry on their work respectively) : or shall fire any gun, pistol or other firearm within the limits of the city, unless it be on occasion of some military parade, and then by the order of some officer having the command; or shall raise or fly any kite or other like paper, in any part of the city, under penalty of ten dollars, or imprisonment not exceeding thirty days, for each and every offense."

An inspection of the section shows that the city council was acting in the course of its duty under the police power when it placed upon its statute book the section in question.  It does not prohibit Mr. Johnson, the accused, from possessing a shotgun on his own premises.  All it does is to prevent his firing such gun within the city limits, and this is clearly within the power of such city council. 22 Am. & E. Ency. of Law, 916, 918; act of the legislature of this State, ratified on August 13th, 1783, where it is held: "That the city of Charleston shall be vested with full power and authority to make and establish by-laws, rules and ordinances respecting the harbor, streets, regulating of seamen or disorderly people, negroes, and in general every other by-law or regulation that shall appear to them requisite and necessary for the security, welfare and convenience of said city, or preserving the peace, order and good government within the same."

The defendant seems to lay great stress upon the fact that such portion of this ordinance as gives the coopers in said city the right to make fires below the curtain line where they carry on their work respectively, discriminates in favor of the coopers and against all other persons, thereby rendering the act unconstitutional.  But such is not the

case, for it does not interfere with the rights of any citizens, as cooper who may wish to adopt that business in the use of firearms in their business. Even if this ordinance did discriminate against other citizens in favor of coopers, as complained of, all persons, without regard to any business or calling, are prevented from firing guns in the city, which is perfectly constitutional and within the exercise of the police power of the city. It is well known that part of an act is constitutional, even where another part of the same act may be held unconstitutional, as is well said in Penniman's case: "That statutes that are constitutional in part only will be upheld, so far as they are not in conflict with the Constitution; provided, the allowed and prohibited are severable." Citing *Packet* v. *Keokuk,* 95 U. S., 80. This ground of appeal is sustained.

Second. It seems that his Honor did err in referring to the exercise of the police power of the city, by stating that it was an afterthought in said city council in providing that the firing of guns or other firearms was an absolute prohibition—the having such gun, etc. There was no absolute prohibition against the possession of said firearms, it was only the firing of the same that was prohibited, and could not be held, therefore, as an afterthought. This ground of appeal is sustained.

The third and fourth grounds of appeal are sustained, in accordance with our views hereinbefore expressed.

As to the fifth ground of appeal, it appears almost of necessity that the Circuit Judge's judgment is erroneous and must be overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.

MR. JUSTICE WOODS *concurs in the result.*

MR. JUSTICE GARY, *dissenting.* As I am unable to concur in the opinion of Mr. Chief Justice Pope, I will state briefly the grounds of my dissent.

The defendant was convicted in the city court of Charleston, for firing a gun, in violation of the city ordinance, and was sentenced by the recorder to pay a fine of ten dollars. He appealed to the Circuit Court on the ground that the ordinance was unconstitutional; the appeal was sustained and he was discharged, whereupon the State appealed.

We are met at the threshold with the question, whether the State had the right, in this case, to appeal? Section 57 of the Criminal Code provides that, "every objection to any indictment for any defect apparent upon the face thereof, shall be taken by demurrer or on motion to quash such indictment, before the jury shall be sworn, and not afterwards." The defendant had the right, before proceeding to trial upon the merits of the case, to raise the objection that the proceeding was fatally defective, in that the statute under which he was indicted was unconstitutional, either by demurrer or on motion to quash the indictment, but not afterwards. (He, however, did not exercise this right.)

He likewise had the right to waive this mode of objection to the constitutionality of the statute, and to raise this question when put upon trial on the merits of the case.

Mr. Chief Justice Pope contends that the State has the right to appeal from an order quashing an indictment, and that the defendant in this case, in effect, demurred to the indictment. There is no doubt as to the soundness of the proposition, that the State has the right to appeal from an order quashing an indictment for the reason that a defendant cannot properly be said to have been in jeopardy until he is placed on trial upon a valid indictment. A motion to quash is preliminary in its nature, and does not involve the merits.

But we cannot accede to the view that the objection interposed by the defendant as to the constitutionality of the statute, was, in effect, a demurrer to the indictment. In the first place, the effect of the proposition that the defendant, in effect, demurred to the indictment, is to require the

defendant, at the instance of the State, to rely upon a mode of bringing this question to the attention of the Court, which he had waived, and which he could not thereafter insist upon, in order that the State might have the right to appeal.

And in the second place, it is apparent that the defendant was placed in jeopardy when he went to trial without making a motion to quash, or without demurring to the indictment, as such trial involved the merits of the case.

The order of the Circuit Judge discharging the defendant upon hearing the appeal from the sentence imposed by the recorder was, therefore, in effect, an acquittal, from which the State could not appeal. *State* v. *Ivey*, 73 S. C., 282.