SCHWARTZ, Judge
(dissenting).
The requirement that the firearm in question be on the person of or “readily accessible” to the defendant is imposed because the very purpose of forbidding carrying a concealed weapon is to prevent its being suddenly produced in an ambush-like manner to the surprise of another who was previously unaware that his antagonist was armed. Sutton v. State, 12 Fla. 135 (1867); Carlton v. State, 63 Fla. 1, 58 So. 486 (1912). I entirely agree with the trial court that, as a matter of law, a firearm which can be secured only by unzipping two separate containers could not possibly be employed in this fashion and thus does not fall within the statutory definition.
The majority bases its conclusion, not upon any quarrel with this position, but solely upon the supreme court’s statement in Ensor v. State, 403 So.2d 349 (Fla.1981) that
[t]he term ‘on or about the person’ means physically on the person or readily accessible to him. This generally includes the *31 interior of an automobile and the vehicle’s glove compartment, whether or not locked.
403 So.2d at 354. The Ensor decision itself concerned only the issue of concealment and the reference to the accessibility question, which contains no analysis and cites to no authority on the point, is the purest dictum. Moreover, the glove compartment situation is obviously not the one involved here. While Hoffman v. Jones[1] requires us to follow the commands of the supreme court as to issues which it has directly decided, I do not believe that we must base our decision on what it merely intimates it might “generally” conclude on an at best analogous question which was not before it. See State v. Dodd, 419 So.2d 333, 335, n. 2 (Fla.1982). On the basis of my own view of the merits of the issue, I would affirm.

. 280 So.2d 431 (Fla.1973).