662 S.E.2d 38

**The STATE, Appellant,**

v.

**Berry Scott BOLIN, Respondent.**

**No. 26494.**

Supreme Court of South Carolina.

Heard March 5, 2008.

Decided May 19, 2008.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General S. Creighton Waters, of Columbia; and Kevin Scott Brackett, Solicitor, of York, for appellant.

Leland B. Greeley, of Rock Hill, for respondent.

98

Justice MOORE.

Respondent was indicted for murder, assault and battery with intent to kill, possession of a firearm during commission of a violent offense, assault with intent to kill, discharging a firearm into an occupied vehicle, and possession of a pistol by a person under 21 years of age pursuant to S.C.Code Ann. § 16–23–30 (2003 & Supp.2007).

Respondent argued that the possession of a pistol indictment should be quashed because § 16–23–30(B) under which he was charged is unconstitutional. The motion to quash was granted by the trial court. The State appeals and we affirm.

## ISSUE

Did the trial court err by quashing the indictment for possession of a handgun while under the age of 21 on the ground that the criminal statute making such possession illegal is unconstitutional?

## DISCUSSION

When the issue is the constitutionality of a statute, every presumption will be made in favor of its validity and no statute will be declared unconstitutional unless its invalidity appears so clearly as to leave no doubt that it conflicts with the constitution. *State v. Gaster*, 349 S.C. 545, 564 S.E.2d 87 (2002). This presumption places the initial burden on the party challenging the constitutionality of the legislation to show it violates a provision of the Constitution. *State v. White*, 348 S.C. 532, 560 S.E.2d 420, *cert. denied*, 537 U.S. 825, 123 S.Ct. 114, 154 L.Ed.2d 37 (2002).

Section 16–23–30(A) provides:

[i]t is unlawful for a person to knowingly sell, offer to sell, deliver, lease, rent, barter, exchange, or transport for sale into this State any handgun to: (3) a person under the age of twenty-one, but this shall not apply to the issue of handguns to members of the [military or other like organizations or to those receiving instruction on handgun use under the immediate supervision of a parent or adult instructor].

Subsection (B) states that "[i]t is unlawful for a person enumerated in subsection (A) to possess or acquire handguns within this State."[1]

Respondent argues that because he was old enough to be *sui juris* and the state constitution granted him the right to bear arms, then he could not be charged with a crime for handgun possession. *See* S.C. Const. Art. I, § 20 (a well-regulated militia being necessary to the security of a free State, the right of the people to keep and bear arms shall not be infringed).

The portions of § 16–23–30 regarding persons under the age of 21 do not violate the constitutional right of a person under the age of 21 to keep and bear arms. While a person under the age of 21 is prohibited from possessing a handgun, except in certain circumstances, this does not prevent a person under the age of 21 from possessing other types of guns. Our constitution simply requires that a persons right to keep and bear "arms" not be infringed upon. The legislatures regulation of who may have access to handguns does not infringe upon that right because persons under the age of 21 have access to other types of guns. *Cf. State v. Johnson,* 76 S.C. 39, 56 S.E. 544 (1907) (city ordinance prohibiting firing of guns within city limits is not unconstitutional as infringing on right to bear arms); *State v. Johnson,* 16 S.C. 187 (1881) (purpose of act was to prohibit, as far as consistent with a citizens right to bear arms, the carrying of deadly weapons, with a view to prevent acts of violence).[2] Accordingly, § 16–23–30 does not

---

1.  The General Assembly recently passed and the Governor signed a bill amending § 16–23–30. The amendment makes it unlawful for a person under the age of eighteen to possess a handgun. Therefore, the 18–to 20–year–old age group may now legally possess a handgun. However, this amendment does not apply to the instant case because the General Assembly provided that this amendment does not affect pending actions.

2.  *See also Robertson v. City and County of Denver,* 874 P.2d 325 (Colo.1994) (ban of assault weapons was a reasonable exercise of police power despite the right to bear arms); *Benjamin v. Bailey,* 234 Conn. 455, 662 A.2d 1226 (1995) (ban on sale and possession of assault weapons did not infringe on right to bear arms because access to a wide array of weapons was still permitted); *Mosby v. Devine,* 851 A.2d 1031 (R.I.2004) (right to possess a handgun, whether fundamental or

violate S.C. Const. Art. I, § 20, regarding a persons right to keep and bear arms.

Respondent further argues that § 16–23–30 violates the state constitution because the age group of 18– to 20–year–olds is being treated differently than adults aged 21 and above. South Carolina Const. Art. XVII, § 14, provides:

Every citizen who is eighteen years of age or older, not laboring under disabilities prescribed in this Constitution or otherwise established by law, shall be deemed *sui juris* and endowed with full legal rights and responsibilities, *provided,* that the General Assembly may restrict the sale of alcoholic beverages to persons until age twenty-one.

Article XVII, § 14, specifically makes reference to the fact the General Assembly can restrict the sale of alcoholic beverages to persons until age 21. By expressly allowing the regulation of the sale of alcoholic beverages to the 18– to 20–year–old age group and not stating any other situation in which the General Assembly may restrict the rights of this age group, the state constitution precludes the General Assembly from prohibiting this age group's possession of hand-guns. *See Hodges v. Rainey,* 341 S.C. 79, 533 S.E.2d 578 (2000) (the canon of construction "expressio *unius est exclusio alterius* " or "*inclusio unius est exclusio alterius* " holds that "to express or include one thing implies the exclusion of another, or of the alternative"); *see also Strickland v. Strickland,* 375 S.C. 76, 650 S.E.2d 465 (2007) (when interpreting a statute, the words must be given their plain and ordinary meaning without resorting to subtle or forced construction which limit or expand the statute's operation).

We find the General Assembly's prohibition on hand gun possession by the 18–to 20–year old age group does not infringe upon the right to bear arms; however, § 16–23–30 violates the plain language of Article XVII, § 14, of our state constitution. Accordingly, the decision of the trial court is

**AFFIRMED.**

TOAL, C.J., WALLER, BEATTY, JJ., and Acting Justice E.C. BURNETT, III, concur.

---

not, is not absolute and is subject to reasonable regulation; statute was not a total ban on the right to bear arms).