THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Randy Alan
 Yonson, Appellant.
 
 
 
 
 

Appeal From Sumter County
Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2010-UP-408
 Submitted September 1, 2010  Filed
September 16, 2010

AFFIRMED IN PART AND REVERSED IN PART

 
 
 
 Appellate Defender Elizabeth A. Franklin-Best,
 of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliot, and Assistant Attorney General Deborah R.J. Shupe, all of
 Columbia; and Solicitor C. Kelly Jackson, of Sumter, for Respondent.  
 
 
 

PER CURIAM: Randy A. Yonson appeals his convictions for unlawful
 possession of a pistol, possession of a pistol by a person under the age of
 twenty-one, possession of a pistol by a person convicted of a crime of
 violence, two counts of assault and battery with intent to kill, possession of
 a firearm during the commission of a crime of violence, two counts of
 assaulting a law enforcement officer while resisting arrest, and resisting
 arrest with a deadly weapon.  Yonson argues (1) the trial court abused its
 discretion in admitting his statement to law enforcement while Yonson was in
 the hospital recovering from traumatic gunshot wounds, and (2) his possession
 of a pistol by a person under the age of twenty-one conviction should be
 reversed in light of State
 v. Bolin, 378 S.C. 96,
 662 S.E.2d 38 (2008).  We affirm in part
 and reverse in part.     
1. Regarding whether the trial court erred
 in admitting Yonson's statement to law enforcement, we affirm
 pursuant to Rule 220(b)(1), SCACR, and the following authority:  State v.
 Forrester, 343 S.C. 637, 642, 541 S.E.2d 837, 840 (2001) ("[M]aking
 a motion in limine to exclude evidence at the beginning of
 trial does not preserve an issue for review because a motion in limine is not a final determination.  The moving party, therefore, must make a
 contemporaneous objection when the evidence is introduced.").  
2. Regarding Yonson's conviction for possession
 of a pistol by a person under the age of twenty-one, we
 reverse pursuant to Rule 220(b)(1), SCACR, and the following authority: State v. Bolin, 378 S.C. 96, 100, 662 S.E.2d 38, 40
 (2008) (holding section 16-23-30(c) of
 the South Carolina Code (2003) violates the plain language of article XVII,
 section 14 of the South Carolina Constitution).
AFFIRMED IN PART AND
 REVERSED IN PART.[1]
SHORT, THOMAS,
 and LOCKEMY, JJ., concur. 

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.