23662

The STATE, Respondent v. David P. BREECH, Appellant.

(417 S.E. (2d) 873)

Supreme Court

---

Robert T. Williams, Sr. of Williams & Brink, Lexington, for appellant.

T. Travis Medlock, Atty. Gen., Harold M. Coombs, Jr., Norman Mark Rapoport, Asst. Attys. Gen., Columbia, and Donald V. Myers, Sol., 11th Circuit, Lexington, for respondent.

Heard May 4, 1992.

Decided May 26, 1992.

Per Curiam:

Appellant ("Breech") appeals his conviction and sentence for driving under the influence of alcohol ("DUI"), second offense. We reverse and remand for resentencing for DUI first offense.

Breech claims that the trial judge erred in refusing to grant a motion for directed verdict or in the alternative a new trial because the evidence was insufficient for the jury to find him guilty of DUI. We disagree.

In reviewing the refusal to grant a directed verdict, the evidence is viewed in the light most favorable to the State to determine whether there is any evidence, either direct or circumstantial, which reasonably tends to prove the guilt of the accused, or from which guilt may be fairly and logically deduced. State v. Schrock, 283 S.C. 129, 322 S.E. (2d) 450 (1984); State v. Butler, 277 S.C. 452, 290 S.E. (2d)

1, *cert. denied,* 459 U.S. 932, 103 S. Ct. 242, 74 L. Ed. (2d) 191 (1982). The granting or denial of a motion for a new trial is within the sound discretion of the trial judge and will not be disturbed on appeal absent an abuse of discretion. *State v. Simmons,* 279 S.C. 165, 303 S.E. (2d) 857 (1983). Thus, we look to the record to determine whether there was sufficient evidence to present the case to the jury or whether the evidence was so lacking as to constitute an error of law for refusal to grant Breech's motion for a new trial.

The arresting officer testified that he observed Breech driving erratically. The officer stopped Breech; and upon approaching the car, the officer noticed the strong smell of alcohol. The officer administered several field sobriety tests, all of which indicated Breech was intoxicated. Breech was read his rights and arrested for driving under the influence of alcohol. Subsequently, Breech was transported to the Lexington County Sheriff's Department where a breathalyzer test was administered. The breathalyzer operator testified that Breech registered a .15 on the breathalyzer test. Breech testified that he had four beers. The breathalyzer operator testified that Breech told her he had six beers.

We find there was sufficient evidence to withstand a motion for a directed verdict. Further, the trial judge did not abuse his discretion by refusing to grant a motion for a new trial. Accordingly, we affirm the trial judge's denial of Breech's motions for directed verdict and new trial.

Finally, Breech contends that S.C. Code Ann. § 56-5-2940 does not authorize an enhanced penalty based upon an out-of-state conviction. We agree.

Under S.C. Code § 56-5-2930, it is unlawful to drive a vehicle in this state while under the influence of alcohol or drugs. The penalty for violation of section 56-5-2930 is enhanced for multiple offenses under S.C. Code Ann. § 56-5-2940. S.C. Code Ann. § 56-5-2940 provides in pertinent part as follows:

> For the purposes of this chapter any conviction ... for the violation of any law or ordinance *of this State* or any municipality *of this state* that prohibits any person from operating a motor vehicle while under the influence of intoxicating liquor, drugs, or narcotics shall constitute a

prior offense for the purpose of any prosecution for any subsequent violation hereof. (Emphasis added.)

S.C. Code § 56-5-2940 is a criminal statute. Our rules of statutory construction require us to construe criminal statutes strictly with any ambiguity to be resolved in favor of the defendant. *State v. Blackmon*, 304 S.C. 270, 403 S.E. (2d) 660 (1991). Here the statute provides for enhanced penalties "for the violation of any law or ordinance of this State or any municipality of this State that prohibits any person from operating a motor vehicle while under the influence." S.C. Code Ann. § 56-5-2940.

At the time of his arrest, Breech had a valid South Carolina driver's license and a Georgia driver's license. The tags on his car were issued by Georgia. The arresting officer checked Breech's Georgia driving record and found that Breech had a May 1990 DUI conviction in Georgia. Breech was tried and found guilty of DUI by a jury in the Court of General Sessions, Lexington County. Thereafter, the trial judge sentenced Breech for DUI second offense based upon his prior conviction in Georgia.

The State argues that S.C. Code § 56-1-610, *et. seq.* applies and authorizes an enhanced penalty for out-of-state convictions. A strict reading of S.C. Code § 56-1-650, however, does not support that position. S.C. Code § 56-1-650 provides that the home state[1] shall give the same effect to an out-of-state conviction for DUI "for the purposes of suspension, revocation, or limitation of the license to operate a motor vehicle." The statute does not provide for jail sentence or increased fines.

Because our statutes do not provide for the enhancement of penalties for DUI based upon out-of-state convictions, we must reverse Breech's sentence and remand to the trial court for resentencing. Although we realize that our ruling today allows out-of-state offenders to escape the effect of the enhancement statute while multiple South Carolina offenders receive enhanced sentencing for the same acts, we are without authority to rule otherwise. *See Doe v. R.D.,*—S.C.,—, 417 S.E. (2d) 541 (1992). Any change in our statute must come from the

---

[1] "Home state" means the state which has issued and has the power to suspend or revoke the use of the license or permit to operate a motor vehicle. S.C. Code Ann. section 56-1-630(2).

legislature. *See Id.; see also Crown Cork and Seal Co. v. S.C. Tax Comm'n,* 302 S.C. 140, 394 S.E. (2d) 315 (1990).

Remanded for resentencing.