23937

Timothy PRZYBYLA, Appellant v. SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Respondent.

(437 S.E. (2d) 70)

Supreme Court

*Chuck Allen* and *William E. Phillips*, Anderson, *for appellant.*

*Asst. Chief Counsel Natalie J. Moore*, of *South Carolina Dept. of Highways and Public Transportation*, Columbia, *for respondent.*

Heard June 9, 1993.

Decided Sept. 20, 1993.

FINNEY, Justice:

Appellant Timothy Przybyla appeals his conviction and license suspension for driving under the influence of alcohol (DUI), third offense. We affirm.

On July 29, 1990, appellant, a South Carolina resident and license holder, was arrested in the state of New York and charged under N.Y. Vehicle and Traffic Law § 1192 (McKinney 1989) with driving while his ability was impaired (DWAI). Respondent South Carolina Department of Highways and Public Transportation received notice of the New York con-

viction pursuant to the Driver License Compact, S.C. Code Ann. § 56-1-610, *et seq.*, (1976),[1] and construed the conviction as the offense of DUI in South Carolina. Appellant had two prior South Carolina DUI convictions in 1988 and 1989, respectively. Therefore, for purposes of suspension under the South Carolina statute, appellant's New York conviction was treated as a DUI, third, resulting in the suspension of his license for two years in accordance with S.C. Code Ann. § 56-5-2990 (1991).

Appellant argues that the violation of DWAI under ■ New York law is an offense of less culpability than DUI as defined in South Carolina's statute. We disagree.

For purposes of revoking, suspending or limiting a driver's license, S.C. Code Ann. § 56-1-650(A) directs the respondent, as the licensing authority in this state, to give the same effect to out-of-state conduct as it would:

> (A) . . . if the conduct had occurred in the home state in the case of convictions for:
>> (2) driving a motor vehicle while under the influence of alcoholic beverages . . . to a degree which renders the driver incapable of safely driving a motor vehicle.

Further, § 56-1-650(C) provides that "if the laws of the party state do not provide for offenses described in precisely the words employed in subsection (A) of this section, the party shall construe the descriptions appearing in subsection (A) of the section as being applicable to those offenses of a substantially similar nature. . . . "

The drunk driving statute of the state of New York is distinguished from its South Carolina counterpart by the fact that the New York statute is two-tiered. The first tier (DWAI), N.Y. Laws § 1192(1), prohibits driving a motor vehicle while one's ability is impaired. The second tier (DUI), § 1192(2), proscribes driving a motor vehicle while the driver's blood alcohol measures .10 of one per centum or more. In *Peo-*

---

[1] The Driver License Compact is a multistate law under which the participating states exchange information relating to convictions of drivers licensed in member states.

*ple v. Stack,* 140 A.D. (2d) 389, 527 N.Y.S. (2d) 569 (1988), the New York Court of Appeals concluded that a person is guilty of DWAI when the voluntary consumption of alcohol has impaired "to any extent" his or her physical and mental abilities to properly operate an automobile. The standard for DUI involves a greater degree of impairment and focuses on whether the consumption of alcohol had rendered the driver "incapable" of employing the physical and mental abilities necessary to safely operate an automobile. *See People v. Cruz,* 48 N.Y. (2d) 419, 423 N.Y.S. (2d) 625, 399 N.E. (2d) 513 (1979).

S.C. Code Ann. § 56-5-2930 (1991) prohibits driving any vehicle while under the influence of either alcohol or drugs—or a combination of both. In South Carolina, the offense of DUI must be established by proof that a person's ability to drive had been materially and appreciably impaired by the use of alcohol and/or drugs. *City of Orangeburg v. Carter,* 303 S.C. 290, 400 S.E. (2d) 140 (1991).

Beyond establishing impairment at the level of materiality and appreciability, the South Carolina DUI law makes no differentiation within the offense concerning degrees of impairment. By comparison, the New York statute distinguishes the offense by subcategories—DWAI and DWI. Once the fact of impairment of abilities is proven, the two-tiered system takes effect. While we acknowledge the differences between New York's and South Carolina's statutory scheme and levels of impairment, the spirit of the Compact compels us to hold that a violation of any statute or ordinance which prohibits driving while under any impairment from alcohol or narcotic drugs in a Compact state is of substantially similar nature to South Carolina's DUI statute.

Appellant also argues that treating New York's DWAI violation as a South Carolina DUI offense results in an impermissible enhancement of penalties. Appellant contends that section 56-5-2930 does not authorize a license suspension if the motorist is "merely" impaired, and to do so would enhance appellant's penalty for DWAI to the standard of DUI. We disagree.

In *State v. Breech,* — S.C. —, 417 S.E. (2d) 873 (1992), this Court held that our DUI statutes do not provide for the enhancement of penalties for DUI based upon out-of-state con-

victims.[2] Under the holding in *Breech,* section 56-1-650 does not provide for enhancement in the form of incarceration or increased fines. The clear language of section 56-1-650, authorizes the suspension of a driver's license based upon out-of-state convictions. As to this issue, appellant's argument is without merit.

For the foregoing reasons, we hold that the offense of DWAI in the state of New York is of a substantially similar nature to our offense of DUI and, consequently, forms a sufficient basis on which to adjudicate a license holder guilty of DUI in the state of South Carolina. Therefore, we affirm the resulting suspension of the appellant's driver's license.

Affirmed.

HARWELL, C.J., and CHANDLER, TOAL and MOORE, JJ., concur.

---

[2] Subsequent to *State v. Breech, supra,* and the current action, S.C. Code Ann. § 56-5-2940 (1991) was amended to read:

> Any conviction . . . for the violation of any law or ordinance of this or any other state or any other municipality of this or any other state that prohibits any person from operating a motor vehicle while under the influence of intoxicating liquor . . . shall constitute a prior offense for the purpose of any prosecution for any subsequent violation hereof.