24094

The STATE, Respondent v. Willie Lee TENNYSON, Appellant.

(445 S.E. (2d) 630)

Supreme Court

*Assistant Appellate Defender Wanda H. Haile, S.C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Senior Asst. Atty. Gen. Harold M. Coombs, Jr., Asst. Atty. Gen. Rakale B. Smith,* Columbia; and *Sol. Barbara R. Morgan,* Aiken, *for respondent.*

Submitted Feb. 7, 1994.

Filed June 13, 1994.

*Per Curiam:*

Appellant pled guilty to fourth offense driving under the influence (DUI). He argues on appeal that the circuit court did not have jurisdiction to accept his plea since his prior DUI convictions were from another state. We disagree.

In *State v. Breech,* 308 S.C. 356, 417 S.E. (2d) 873 (1992), this Court held that S.C. Code Ann. § 56-5-2940 did not authorize enhanced penalties for out-of-state DUI convictions. However, the Legislature subsequently amended § 56-5-2940 to provide for enhanced penalties when the prior convictions were from another state. Act No. 453, § 14, 1992 S.C. Acts 2402. This amendment became effective on June 30, 1992.

By virtue of the statutory amendment, the State is now

permitted to include out-of-state convictions in determining whether a DUI committed on or after June 30, 1992 is a second or subsequent offense. In the case at hand, the DUI to which appellant pled guilty occurred on December 31, 1992. Accordingly, the 1992 amendments to § 56-5-2940 authorize the classification of the DUI as a fourth offense despite the fact that appellant's prior convictions were from another state and the circuit court had jurisdiction to accept the guilty plea to fourth offense DUI.

Affirmed.

HARWELL, C.J., not participating.