338 S.C. 392 (2000)
526 S.E.2d 709
The STATE, Respondent,
v.
Lowell J. WASHINGTON, Appellant.
No. 25050.
Supreme Court of South Carolina.
Heard October 5, 1999.
Decided January 17, 2000.
*394 Assistant Appellate Defender Tara S. Taggart, of South Carolina Office of Appellate Defense, of Columbia, for appellant.
Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor Robert M. Ariail, of Greenville, for respondent.
TOAL, Justice:
Appellant Lowell J. Washington ("Defendant") appeals his conviction and life sentence. We affirm.

FACTUAL/PROCEDURAL BACKGROUND
Around 5:15 p.m. on May 29, 1996, Defendant kicked in a back door and entered Larry Blakely's residence intending to rob the house. Unfortunately for Defendant, Blakely, a police officer with the Greenville County Police Department, returned home while Defendant was still in the house. Officer Blakely drew his weapon and detained Defendant until more police arrived on the scene.
Based on Defendant's record of one previous common law burglary conviction and two previous housebreaking convictions, the State indicted Defendant for burglary, first degree under S.C.Code Ann. § 16-11-311(A)(2) (Supp.1998).[1] The *395 previous convictions were the only aggravating circumstances elevating the break-in to burglary, first degree. Without the previous convictions, the State would have charged Defendant with burglary, second degree for the Blakely break-in.
Prior to trial, the State served notice on the Defendant that if convicted, the State would also use Defendant's prior convictions to seek a life sentence pursuant to S.C.Code Ann. § 17-25-45 (Supp.1998) (the "repeat offender statute"). Under section 17-25-45(C)(1), Defendant's current burglary charge constitutes a "most serious" offense. The State claimed Defendant's prior conviction for common law burglary also constitutes a "most serious" offense. A jury convicted Defendant of burglary, first degree for the Blakely break-in and the trial judge sentenced Defendant to life without parole based on his finding the common law burglary conviction was a "most serious" offense. Defendant appealed the following issues:
1. Whether Defendant's life sentence as a repeat offender violates the Fifth and Eighth Amendments of the United States constitution prohibiting double jeopardy and cruel and unusual punishment?
2. Whether Defendant's previous convictions were sufficient to bring him within the purview of S.C.Code Ann. § 17-25-45 (Supp.1998) (the repeat offender statute)?
3. Whether Defendant received adequate notice of the State's intention to seek life without parole as required by S.C.Code Ann. § 17-25-45 (Supp.1998) (the repeat offender statute)?

*396 4. Whether the trial judge committed reversible error in refusing to charge all of S.C.Code Ann. § 16-11-311 (Supp.1998) (the burglary, first degree statute)?

LAW/ANALYSIS

I. Double Jeopardy/Cruel and Unusual Punishment
Defendant argues that using his previous burglary and housebreaking convictions to establish a case for burglary, first degree in the current case and then relying on the previous convictions and the current burglary, first degree conviction to impose a life sentence under the repeat offender statute constitutes double jeopardy along with cruel and unusual punishment. We disagree.
Initially, double jeopardy does not prevent the use of Defendant's prior convictions as an element of the crime burglary, first degree under section 16-11-311. "The fact that prior convictions comprise one element of an offense does not offend the double jeopardy clause ..." United States v. Lurz, 666 F.2d 69, 77 (4th Cir.1981). Here, section 16-11-311 allows the State to punish Defendant's recidivism by using his previous convictions to elevate actions that would normally constitute a burglary, second degree charge to a charge of burglary, first degree.
Furthermore, under the repeat offender statute the State may use prior convictions to enhance Defendant's sentence for a current conviction without offending double jeopardy. "An enhanced sentence imposed on a persistent offender thus `is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes' but as `a stiffened penalty for the latest crime, which is considered to be an aggravated offense because it is a repetitive one.'" Monge v. California, 524 U.S. 721, 728, 118 S.Ct. 2246, 2250, 141 L.Ed.2d 615, 624 (1998). "The Supreme Court has held that a state legislature may, if it wishes, provide that a defendant shall be convicted of the crime of being a recidivist, upon proof of prior convictions." Lurz, 666 F.2d at 77.
United States v. Crawford, 18 F.3d 1173 (4th Cir.1994), cited by Defendant, supports the constitutionality of the current statute. In Crawford, the Fourth Circuit upheld the use of a *397 prior conviction under the federal sentencing guidelines to enhance the current offense level and then to increase the level of punishment after the jury convicted Crawford of the enhanced offense. See Crawford, 18 F.3d at 1179. As in Crawford, Defendant's prior convictions allowed an increase in the level of the current offense and then raised the level of punishment Defendant could receive after the current conviction. However, Defendant's current sentence does not punish him a second time for his previous transgression. Instead, the State is punishing Defendant to a greater extent for the current offense due to his repetitive illegal actions.

II. The Use of Defendant's Common Law Burglary Conviction and Section 17-25-45
Defendant argues that the State cannot use his prior convictions of common law burglary and housebreaking to seek a life sentence without parole because those prior offenses are not listed in section 17-25-45 as "most serious" or "serious" offenses. We disagree.
In 1985, the Legislature rewrote the law on burglary. Under the previous statutes, the common law defined the crime of burglary. See S.C.Code Ann. § 16-11-310 (repealed 1985).[2] Under the common law, burglary was: "[T]he offense of breaking and entering the dwelling house of another in the nighttime with the intent to commit a felony therein." State v. Brooks, 277 S.C. 111, 114, 283 S.E.2d 830, 832 (1981). In 1985, section 16-11-311 replaced the prior burglary statute. The elements of common law burglary now constitute burglary, first degree under section 16-11-311(A)(3). In other words, common law burglary is legally the equivalent of burglary, first degree.[3] Since Defendant had pled guilty to common law burglary in 1982, the trial court properly ruled that this prior *398 conviction would constitute a "most serious" offense because it contained the same legal elements as burglary, first degree that section 17-25-45(C)(1) declares a "most serious" offense.

III. Notice of Intent to Seek Life Without Parole under Section 17-25-45
Defendant argues the State could not seek life without parole under section 17-25-45 because it failed to send him a second intent notice after he was re-indicted. We disagree.
The State is required by law to inform a defendant that it plans to seek enhanced sentencing for recidivist conduct under the provisions of the repeat offender statute. Section 17-25-45(H) provides:
Where the solicitor is required to seek or determines to seek sentencing of a defendant under this section, written notice must be given by the solicitor to the defendant and defendant's counsel not less than ten days before trial.[4]
The State indicted Defendant and sent him written notice that it would seek life without parole under section 17-25-45. Due to errors in the original indictment, the State later re-indicted Defendant. After the re-indictment, the State did not send a second notice of intent to Defendant.
The State was not precluded from applying section 17-25-45 because, even without a second notice, Defendant had actual notice that the State would be seeking life without parole. This Court has found that under such notice statutes, the law only requires actual notice. See State v. McWee, 322 S.C. 387, 472 S.E.2d 235 (1996) (finding that actual notice of the State's intention to seek the death penalty is all that the death penalty's notice statute required); see also State v. Young, 319 S.C. 33, 459 S.E.2d 84 (1995) (finding that the State is not required to serve a second Notice of Intent to Seek the Death *399 Penalty at re-sentencing where the original sentence was overturned on appeal).
The current situation is factually similar to State v. McWee. In McWee, the State indicted the defendant for murder in 1992, and sent written notice with that indictment that the State would seek the death penalty. McWee was later re-indicted in 1993 and notice to seek the death penalty was not given following this second indictment. The Court found that McWee's knowledge from the original notice that the State intended to seek the death penalty satisfied that notice statute. McWee, at 390-91, 472 S.E.2d at 238. Here, Defendant does not dispute that the original notice provided actual notice of the State's intention to seek life imprisonment without parole. Since Defendant had actual notice of the State's intent, a second notice following re-indictment was unnecessary.

IV. Jury Charge
Defendant argues that the trial judge erred by not charging the jury all of section 16-11-311. We disagree.
At trial, Defendant put forth the theory that a burglary, first degree conviction based on section 16-11-311(A)(2) is a mere "technicality." To support this theory, Defendant wanted the judge to charge section 16-11-311(A) in its entirety.
Defendant argued that section 16-11-311(A)(1) and (3)'s aggravating circumstances (i.e., using deadly weapons or causing physical injury) were really burglary, first degree and that section (2) shouldn't count as burglary, first degree. In his closing, Defendant's counsel argued to the jury:
There is no violence in this case. There is no weapon. This is not a nighttime burglary. This is a burglary second charge which they want to elevate to a burglary first based on his prior record.
This is a classic burglary second case. He was caught red handed in the act. No violence. Total cooperation. Made a statement. Sat down. No problem. No resistance. Daylight hours. And they want you to convict him on a technicality ...
Defendant's counsel reiterated this argument when he asked the judge to charge section 16-11-311 in its entirety: "It fits *400 with my theory of the defense that I'm asking them not to convict because they're trying to convict him on a technicality and he does not meet the other requirements."
Conviction for burglary, first degree as a result of entering a dwelling without consent and with intent to commit a crime in the dwelling combined with a recidivist record for criminal offenses is not a conviction based on a "technicality." "The Legislature has the power, within constitutional limits, to define and punish crimes." Guinyard v. State, 260 S.C. 220, 226, 195 S.E.2d 392, 395 (1973). The Legislature has chosen to punish recidivist criminal activity by allowing a prior record to constitute one element of burglary, first degree. As discussed in Section I, supra, the Legislature has the constitutional authority to punish such recidivist activity with an increase in the level of the latest offense.
Because Defendant's "technicality" theory has no merit, the trial judge did not err in refusing to charge the statutory sections inapplicable to the current case. Jury instructions by the court of irrelevant and inapplicable principles may be confusing to the jury and can be reversible error. See Miller v. Schmid Laboratories, Inc., 307 S.C. 140, 142-43, 414 S.E.2d 126, 127 (1992) ("The instructions by the court of irrelevant and inapplicable principles of law was clearly erroneous and may have been confusing to the jury."). Since sections 16-11-311(A)(1) and (3) were inapplicable to the current case, the trial judge did not err by refusing to read those sections to the jury.

CONCLUSION
Based on the foregoing, Defendant's conviction and sentence are AFFIRMED.
FINNEY, C.J., MOORE, WALLER, and BURNETT, JJ., concur.
NOTES
[1] § XX-XX-XXX. Burglary; first degree.

(A) A person is guilty of burglary in the first degree if the person enters a dwelling without consent and with intent to commit a crime in the dwelling, and either:
(1) when, in effecting entry or while in the dwelling or in immediate flight, he or another participant in the crime:
(a) is armed with a deadly weapon or explosive; or
(b) causes physical injury to a person who is not a participant in the crime; or
(c) uses or threatens the use of a dangerous instrument; or
(d) displays what is or appears to be a knife, pistol, revolver, rifle, shotgun, machine gun, or other firearm; or
(2) the burglary is committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both; or
(3) the entering or remaining occurs in the nighttime.
[2] § XX-XX-XXX. Burglary

Any person who shall commit the crime of burglary at common law shall, upon conviction, be imprisoned in the State Penitentiary at hard labor, during the whole lifetime of the prisoner; ...
[3] § XX-XX-XXX. Burglary; first degree.

(A) A person is guilty of burglary in the first degree if the person enters a dwelling without consent and with intent to commit a crime in the dwelling, and ...
(3) the entering or remaining occurs in the nighttime.
[4] Historically, South Carolina has not required a defendant be informed, even in the indictment, if he was going to be punished more severely on the basis of previous convictions in his record. See State v. Parris, 89 S.C. 140, 71 S.E. 808, 809 (1911) ("The indictment need not state whether it is for the first or second offense, though the second offense, in that case, was punishable with death, while the first offense was punishable only with whipping."). There would be no duty to inform Defendant about seeking the statute's application if it were not for the statutory provision.