547 S.E.2d 885

**The STATE, Appellant,**

v.

**Dennis ZULFER, Respondent.**

No. 3333.

Court of Appeals of South Carolina.

Submitted Feb. 22, 2001.

Decided April 23, 2001.

Rehearing Denied July 2, 2001.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Robert E. Bogan, Senior Assistant Attorney General Harold M. Coombs, Jr., and Solicitor Warren B. Giese, all of Columbia, for appellant.

Assistant Appellate Defender Aileen P. Clare, of SC Office of Appellate Defense, of Columbia, for respondent.

GOOLSBY, Judge:

The State appeals the order of the trial court that disallowed the use of out-of-state convictions to prove the crime of first-degree burglary for which Dennis M. Zulfer, in addition to petit larceny, had been indicted. We reverse and remand.[1]

On July 15, 1999, Richland County Deputies arrested Zulfer following a break-in into a dwelling house during the daytime. After the grand jury indicted Zulfer for first-degree burglary, the State served him with a notice of its intention to seek life without parole based upon two convictions from the State of Florida. The State later indicated that it would rely on the same two convictions to prove the first-degree burglary count in the indictment. When the State called Zulfer's case for trial, Zulfer moved to exclude the use of any evidence of his prior out-of-state convictions for the purpose of enhancing the burglary offense for which Zulfer was indicted. The trial court granted Zulfer's motion.

■ South Carolina Code section 16–11–311(A)(2) defines first-degree burglary. One may be convicted of this offense "if the person enters a dwelling, without consent and with intent to commit a crime in the dwelling and . . . the burglary is committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both." [2]

Zulfer argued, and the trial court held, that the term "prior record . . . of convictions" as used in section 16–11–311(A)(2),

---

1. Because oral argument would not aid the court in resolving the issue on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

2. S.C.Code Ann. § 16–11–311(A)(2) (Supp.2000).

does not include prior out-of-state convictions. Zulfer and the trial court relied on *State v. Breech*[3] as support for their position. Their reliance on that case is misplaced.

*Breech* involved a defendant charged with violating South Carolina Code section 56–5–2930,[4] a statute that renders it unlawful to drive a vehicle in this state while under the influence of alcohol or drugs. Section 56–5–2940 enhances the penalty for multiple offenses when a violation of section 56–5–2930 occurs. The version of section 56–5–2940 in effect when the supreme court decided *Breech* provided in pertinent part:

> For the purposes of this chapter any conviction ... for the violation of any law or ordinance *of this State* or any municipality *of this State* that prohibits any person from operating a motor vehicle while under the influence of intoxicating liquor, drugs, or narcotics shall constitute a prior offense for the purpose of any prosecution for any subsequent violation hereof.[5]

The supreme court held that this section did not "provide for the enhancement of penalties for DUI based upon out-of-state convictions," noting it "provide[d] for enhanced penalties 'for the violation of any law or ordinance of this State or any municipality of this State that prohibits any person from operating a motor vehicle while under the influence.' "[6]

A basic rule of statutory construction, which is equally applicable to criminal and civil statutes alike, is that a court must ascertain and give effect to the legislature's intention as expressed in the statute.[7] In construing a statute, a court cannot read into the statute something not within the manifest intention of the legislature as gathered from the

---

3. 308 S.C. 356, 417 S.E.2d 873 (1992).

4. S.C.Code Ann. § 56–5–2930 (1991 & Supp.2000).

5. S.C.Code Ann. § 56–5–2940 (1991) (emphasis added).

6. *Breech,* 308 S.C. at 359, 417 S.E.2d at 875 (quoting the version of § 56–9–2940 in effect at the time).

7. *State v. Ramsey,* 311 S.C. 555, 430 S.E.2d 511 (1993); *Mullinax v. J.M. Brown Amusement Co.,* 326 S.C. 453, 485 S.E.2d 103 (Ct.App. 1997), *aff'd,* 333 S.C. 89, 508 S.E.2d 848 (1998).

statute itself.[8]  "If a statute's language is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for employing rules of statutory interpretation and the court has no right to look for or impose another meaning."[9]

Unlike the version of section 56–5–2940 in effect when the supreme court decided *Breech*, section 16–11–311(A)(2) does not expressly limit prior convictions to those involving a violation of the law "of this State."  Here, the plain language of the statute provides for the enhancement of the offense of burglary based on "a prior record of two or more convictions for burglary or housebreaking or a combination of both." Nowhere does the language of the statute limit a prior record of convictions for burglary or housebreaking to only those that occurred within South Carolina.  In not so limiting a prior record of convictions, the plain language of our burglary statute permits an enhancement of the offense based on a prior record of out-of-state convictions for burglary or housebreaking or a combination of both.  To restrict the predicate offenses for a first-degree burglary charge to acts occurring within South Carolina would give the statute a meaning that the legislature clearly did not intend.[10]  Indeed, had the legislature intended that a prior record of out-of-state convic-

---

8.  *Laird v. Nationwide Ins. Co.*, 243 S.C. 388, 134 S.E.2d 206 (1964).

9.  *Strother v. Lexington County Recreation Comm'n*, 332 S.C. 54, 62, 504 S.E.2d 117, 121–22 (1998).

10.  *See People v. Hall*, 145 Ill.App.3d 873, 99 Ill.Dec. 644, 495 N.E.2d 1379, 1383 (1986) (using a prior Missouri conviction to enhance an Illinois theft conviction from a misdemeanor to a felony on the ground that the Illinois statute provided for enhancement after a conviction of "any type of theft"); *State v. Wood*, 2 Utah2d 34, 268 P.2d 998, 1002 (1954) ("Clearly the intent of [Utah's habitual criminal statute] is otherwise, for its obvious purpose is to protect society against any person whose tendency towards criminality is indicated by previous offenses."); *but see 1966 Op. S.C. Att'y Gen.1969–B at 361* ("[T]here is a clear division of authority on the question of whether or not a prior conviction of a specified crime in another state can be considered in imposing a heavier sentence for conviction of the same crime in South Carolina.") (citing what is now 24 C.J.S. *Criminal Law* § 1648, at 292 (1989)).  This opinion further advises that, under what was then regarded as the majority view, a prior conviction in another state would not constitute a prior offense within the meaning of South Carolina's law against shoplifting.

tions for burglary or housebreaking could not be used for purposes of enhancement, it could easily have limited the statute to only South Carolina offenses.[11]

█ We disagree with Zulfer's argument that section 16–11–311(A)(2) must be applied against the State because it is ambiguous when considered with South Carolina Code section 17–25–45, which expressly includes prior foreign convictions, if their elements follow local law, as offenses that warrant the imposition of life sentences after subsequent convictions for certain crimes.[12] Concerning section 16–11–311, our supreme court has held that this section "allows the State to punish Defendant's recidivism by using his previous convictions to elevate actions that would normally constitute a burglary, second degree charge to a charge of burglary, first degree."[13] The supreme court went on to state that, in seeking an enhanced punishment under this section, "the State is punishing Defendant to a greater extent for the current offense due to his repetitive illegal actions."[14] Considering this interpretation of section 16–11–311(A)(2), it is clear that the legislative policy behind the enactment of this section is to provide "a stiffened penalty for the latest crime, which is considered to be an aggravated offense because it is a repetitive one."[15] To shift the focus to the fact that a defendant's prior offenses may have occurred in different jurisdictions would thwart the

11. *See State v. Rellihan,* 662 S.W.2d 535 (Mo.Ct.App.1983) (holding the legislature clearly intended the term "felony" to embrace those committed within federal and sister state jurisdictions and observing the legislature could have easily limited the enhancement statute for felonies to only Missouri offenses but did not do so).

12. S.C.Code Ann. § 17–25–45 (Supp.2000). The current version of this statute provides for the mandatory imposition of a life sentence for certain crimes depending on the defendant's prior convictions, including "a federal or out-of-state conviction for an offense that would be classified as a most serious offense under this section."

13. *State v. Washington,* 338 S.C. 392, 396, 526 S.E.2d 709, 711 (2000).

14. *Id.* at 397, 526 S.E.2d at 711.

15. *Id.* at 396, 526 S.E.2d at 711 (quoting *Monge v. California,* 524 U.S. 721, 728, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998)).

objective of requiring heightened accountability from repeat offenders for their subsequent crimes.[16]

**REVERSED AND REMANDED.**

ANDERSON and STILWELL, JJ., concur.

---

**16.** *See U.S. v. Lurz,* 666 F.2d 69, 77 (4th Cir.1981) ("The Supreme Court has held that a state legislature may, if it wishes, provide that a defendant shall be convicted of the crime of being a recidivist, upon proof of prior convictions.") (quoted in *Washington,* 338 S.C. at 396, 526 S.E.2d at 711); *cf. Comments: The Use of Out–of–State Convictions for Enhancing Sentences of Repeat Offenders,* 57 Alb. L.Rev. 1133, 1134 and 1152 (1994) (noting South Carolina follows an "External View," in that its enhanced penalty statutes "assign the same effect to foreign convictions as if they were local in nature, content to accept without reservation the condemnation of their sister states"). Consistent with our supreme court's analysis in *Washington,* this view "recognizes the defendant's failure to respect the laws of the community in which he lives" while "demonstrat[ing] respect for the laws of other jurisdictions." *Id.* at 1150.