**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

The State, Respondent,

v.

Lucius Simuel, Appellant.

Appellate Case No. 2009-147528

Appeal From Beaufort County
Thomas W. Cooper, Jr., Circuit Court Judge

Memorandum Opinion No. 2012-MO-031
Heard May 23, 2012 – Filed July 25, 2012

**AFFIRMED**

Appellate Defender Dayne C. Phillips, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Mark Reynolds Farthing, all of Columbia, and Solicitor Isaac McDuffie Stone III, of Bluffton, for Respondent.

**PER CURIAM:**  Because the Georgia crime of false imprisonment would be categorized as the "most serious" offense of kidnapping under South Carolina law, we affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: S.C. Code Ann. § 17-25-45(A)(1)(b) (Supp. 2011) (providing enhancement is appropriate where a defendant is convicted of a most serious offense and has either one or more prior convictions for an out-of-state offense that "would be classified as a most serious offense" under this section 17-25-45(C)(1)); Ga. Code Ann. § 16-5-41(A) (West 2011) ("A person commits the offense of false imprisonment when, in violation of the personal liberty of another, he arrests, confines, or detains such person without legal authority."); S.C. Code Ann. §  16-3-910 (Supp. 2011) ("Whoever shall unlawfully seize, confine, inveigle, decoy, kidnap, abduct or carry away any other person by any means whatsoever without authority of law . . . is guilty of a felony . . . ."); *State v. Washington*, 338 S.C. 392, 397–98, 526 S.E.2d 709, 711 (2000) ("Since Defendant had pled guilty to common law burglary in 1982, the trial court properly ruled that this prior conviction would constitute a 'most serious' offense because it contained the same legal elements as burglary, first degree that section 17-25-45(C)(1) declares a 'most serious' offense."); *State v. Phillips*, 393 S.C. 407, 414–15, 712 S.E.2d 457, 461 (Ct. App. 2011) (citation omitted) (When a prior conviction is for an offense not contemplated by section 17-25-45, the trial court should examine the elements of the offense and determine whether they are equivalent to any current offense classified as "serious" or "most serious."); *Hinton v. S.C. Dep't of Prob., Parole, and Pardon Servs.*, 357 S.C. 327, 339, 592 S.E.2d 335, 342 (Ct. App. 2004) (noting under the "same-elements" test, when comparing the elements of the offenses, a court "looks to whether the particular actions taken by the defendant which satisfy the elements of the crime in the other state would satisfy the elements of one of the enumerated crimes").

**AFFIRMED.**

**PLEICONES, ACTING CHIEF JUSTICE, BEATTY, KITTREDGE and HEARN, JJ., and Acting Justice James E. Moore, concur.**