735 S.E.2d 547

**The STATE, Respondent,**

v.

**Michael DONAHUE, Appellant.**

**Appellate Case No. 2010–157867.**

**No. 5052.**

Court of Appeals of South Carolina.

Heard Oct. 4, 2012.

Decided Nov. 21, 2012.

Rehearing Denied Dec. 13, 2012.

---

Deputy Chief Appellate Defender Wanda H. Carter and Appellate Defender Tristan M. Shaffer, both of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General William M. Blitch, Jr., all of Columbia; and Solicitor Douglas A. Barfield, Jr., of Lancaster, for Respondent.

FEW, C.J.

Michael Donahue pled guilty to burglary in the third degree. He appeals his sentence, arguing the circuit court erred

in treating him as a second offender based on his previous burglary conviction in Georgia. We affirm.

Burglary in the third degree is defined in section 16–11–313 of the South Carolina Code (2003). Subsection 16–11–313(B) provides: "Burglary in the third degree is a felony punishable by imprisonment for not more than five years for conviction on a first offense and for not more than ten years for conviction of a second offense according to the discretion of the Court." Before accepting Donahue's plea, the circuit court ruled that his Georgia conviction triggered the enhanced sentencing range in subsection 16–11–313(B). The court sentenced Donahue to ten years in prison, suspended upon service of six years, and two years of probation.

█ The State argues Donahue waived his right to challenge the circuit court's ruling by pleading guilty. We disagree. A criminal defendant does not give up his right to challenge the circuit court's interpretation of a statute regarding his sentence simply by pleading guilty. *See Easter v. State*, 355 S.C. 79, 81–82, 584 S.E.2d 117, 119 (2003) ("Sentencing, although often combined with the admission of guilt in a hearing, is a separate issue from guilt and a distinct phase of the criminal process. Therefore, when Easter entered his guilty plea but objected to his sentence he did not enter an invalid, conditional guilty plea." (citation omitted)).

█ The State also argues Donahue waived his challenge when he told the circuit court he was guilty of, and was pleading guilty to, "burglary in the third degree second offense" and that he understood he faced up to ten years in prison. We disagree with this point as well. After Donahue's counsel presented to the circuit court the same arguments he now makes on appeal, counsel made it clear, and the circuit court acknowledged it understood, that Donahue challenged the court's interpretation of the statute and intended to appeal the ruling that he faced ten years. Under the circumstances of this case, we find Donahue did not waive his right to challenge the circuit court's interpretation of subsection 16–11–313(B).

In *State v. Zulfer*, 345 S.C. 258, 547 S.E.2d 885 (Ct.App. 2001), this court faced a similar question under the statute

defining burglary in the first degree—subsection 16–11–311(A) of the South Carolina Code (2003). Subsection 16–11–311(A)(2) provides that what would otherwise be a second-degree burglary is elevated to first-degree if "the burglary is committed by a person with a prior record of two or more convictions for burglary...." *See also* S.C.Code Ann. § 16–11–312(A) (2003) (defining second-degree burglary of a dwelling). We held that "prior record ... of convictions" included out-of-state convictions:

> Nowhere does the language of the statute limit a prior record of convictions for burglary or housebreaking to only those that occurred within South Carolina. In not so limiting a prior record of convictions, the plain language of our burglary statute permits an enhancement of the offense based on a prior record of out-of-state convictions for burglary....

*Zulfer*, 345 S.C. at 262, 547 S.E.2d at 887.

Similarly, nothing in the language of subsection 16–11–313(B) limits a circuit court to considering only South Carolina offenses. Therefore, a circuit court must consider an out-of-state burglary conviction in determining the sentencing range for third-degree burglary.[1] 345 S.C. at 262–63, 547 S.E.2d at 887.

Donahue attempts to distinguish *Zulfer* by arguing that the word "offense" in subsection 16–11–313(B) has a different meaning than the word "convictions" in subsection 16–11–311(A)(2). We find no basis for the distinction. In subsection 16–11–311(A)(2), the legislature used the word convictions to refer to prior crimes, which would make a defendant eligible for sentence enhancement only if he had been convicted of the crime. In subsection 16–11–313(B), the legislature was referring to the subsequent crime—a situation in which the legislature and our courts typically use the term offense to describe a second or subsequent crime. Thus, the legislature had a valid reason to use different terms for the same purpose—

---

1. Donahue argues on appeal that "[a] burglary conviction in Georgia is not the same as burglary third in South Carolina." However, because he did not present this argument to the circuit court, it is not preserved for appellate review. *State v. Bickham*, 381 S.C. 143, 147 n. 2, 672 S.E.2d 105, 107 n. 2 (2009).

enhancing a sentence based on prior convictions. *See Zulfer,* 345 S.C. at 263, 547 S.E.2d at 887 (recognizing that a purpose of subsection 16–11–311 is to punish recidivism by imposing " 'a stiffened penalty for the latest crime' " (quoting *State v. Washington,* 338 S.C. 392, 396, 526 S.E.2d 709, 711 (2000))). As we stated in *Zulfer,* "had the legislature intended that a prior record of out-of-state convictions for burglary . . . could not be used for purposes of enhancement, it could easily have limited the statute to only South Carolina offenses." 345 S.C. at 262–63, 547 S.E.2d at 887. We find the use of the word offense in subsection 16–11–313(B) does not indicate the intent to limit the circuit court to the use of South Carolina crimes for enhancement. *Cf. State v. Breech,* 308 S.C. 356, 358–59, 417 S.E.2d 873, 875 (1992) (finding statute that defined a prior offense as "the violation of any law or ordinance of this State or any municipality of this State" limited recidivism enhancement to offenders with previous convictions for violations of South Carolina law), *superseded by statute,* Act No. 453, § 14, 1992 S.C. Acts 2402, *as recognized in State v. Tennyson,* 315 S.C. 471, 445 S.E.2d 630 (1994).

Moreover, Donahue's interpretation of subsection 16–11–313(B) would produce absurd results. *See State v. Sweat,* 386 S.C. 339, 351, 688 S.E.2d 569, 575 (2010) ("Courts will reject a statutory interpretation which would lead to a result so plainly absurd that it could not have been intended by the Legislature or would defeat the plain legislative intention."). His definition of the word offense allows sentence enhancement under subsection 16–11–313(B) only when the defendant has a prior South Carolina conviction for burglary in the third degree. Under his interpretation, therefore, a prior South Carolina conviction for first-degree or second-degree burglary would not trigger the higher maximum sentence. Thus, a defendant with a prior conviction for a more serious burglary would be exposed to a lower maximum sentence than someone with a prior conviction for third-degree burglary. The result Donahue proposes is even more absurd because third-degree burglary is a lesser-included offense of first-degree and second-degree burglary. *See generally State v. Goldenbaum,* 294 S.C. 455, 365 S.E.2d 731 (1988) (recognizing third-degree burglary as a lesser-included offense of first- and second-degree burglary where the facts support it). Therefore, a person previously convicted of the greater offense would be

subject to a lesser penalty, even though his prior conviction actually constituted third-degree burglary.

Finally, Donahue's interpretation would create an inconsistency between the first-degree and third-degree burglary statutes, which were enacted contemporaneously. Act No. 159, § 2, 1985 S.C. Acts 603, 604–06; *see Higgins v. State*, 307 S.C. 446, 449, 415 S.E.2d 799, 801 (1992) ("In construing statutory language, the statute must be read as a whole, and sections which are part of the same general statutory law must be construed together and each one given effect, if it can be done by any reasonable construction."). The legislature could not have intended that an out-of-state burglary conviction could be used to elevate a second-degree burglary to first-degree burglary, thereby increasing the defendant's exposure from fifteen years to a possible life sentence,[2] but could not be used to enhance a third-degree burglary defendant's sentence by five years. *See Whitner v. State*, 328 S.C. 1, 6, 492 S.E.2d 777, 779 (1997) ("We should consider … not merely the language of the particular clause being construed, but the word and its meaning in conjunction with the purpose of the whole statute and the policy of the law.").

**AFFIRMED.**

WILLIAMS and PIEPER, JJ., concur.

---

2. *Compare* S.C.Code Ann. § 16–11–312(C) (2003) (providing a fifteen-year maximum prison sentence for second-degree burglary) *with* § 16–11–311(B) (2003) (providing first-degree burglary is punishable by a maximum sentence of life imprisonment and a minimum sentence of fifteen years).