**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Billy Leon Alford, Appellant.

Appellate Case No. 2014-001202

Appeal From Horry County
Edward B. Cottingham, Circuit Court Judge

Unpublished Opinion No. 2016-UP-364
Submitted May 1, 2016 – Filed July 20, 2016

**AFFIRMED**

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Warren*, 392 S.C. 235, 237, 708 S.E.2d 234, 235 (Ct. App.

2011) ("In criminal cases, the appellate court reviews only errors of law and is bound by the factual findings of the trial court unless the findings are clearly erroneous."); *State v. Zulfer*, 345 S.C. 258, 261, 547 S.E.2d 885, 886 (Ct. App. 2001) ("A basic rule of statutory construction, which is equally applicable to criminal and civil statutes alike, is that a court must ascertain and give effect to the legislature's intention as expressed in the statute."); *id.* at 261-62, 547 S.E.2d at 886 ("In construing a statute, a court cannot read into the statute something not within the manifest intention of the legislature as gathered from the statute itself."); *State v. Bolin*, 378 S.C. 96, 100, 662 S.E.2d 38, 40 (2008) ("[T]he words must be given their plain and ordinary meaning without resorting to subtle or forced construction which limit or expand the statute's operation." (quoting *Strickland v. Strickland*, 375 S.C. 76, 88-89, 650 S.E.2d 465, 472 (2007))); *In re Ronnie A.*, 355 S.C. 407, 409, 585 S.E.2d 311, 312 (2003) ("The intent of the legislature in enacting the sex offender registry law is to protect the public from those offenders who may re-offend.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.