## 11404

### STATE v. ROUNTREE

#### (121 S. E., 205)

1. CRIMINAL LAW—TRIAL IN MAGISTRATE'S COURT FOR FELONY NULL, AND NO BAR TO TRIAL IN COURT OF GENERAL SESSIONS.—A trial in a Magistrate's Court for housebreaking and grand larceny, both of which are felonies, is a nullity under Const., Art. 5, § 21, and hence is not a bar to a subsequent trial and conviction on the same charges in the Court of General Sessions.

2. CRIMINAL LAW—GENERALLY ONE IS IN "JEOPARDY" WHEN LEGAL JURY IS SWORN.—Generally one is in "jeopardy" when a legal jury is sworn and impaneled to try him upon a valid indictment in a competent Court.

Before RICE, J., Barnwell, May, 1922. Affirmed.

Marion Rountree was convicted of house-breaking and grand larceny and he appeals.

*Mr. J. O. Patterson, Jr.,* for appellant, cites: *Former jeopardy:* 65 S. C., 190; 183 U. S., 394; 117 S. C., 382; 202 U. S., 344; 46 S. C., 13; 111 S. C., 331.

*Mr. R. L. Gunter, Solicitor,* for the State, cites: *Crime was a felony:* Crim. Code, 1922, Sec. 33. *Petty larceny:* Crim. Code, 1922, Sec. 53. *Magistrate's Court had no jurisdiction and trial was a nullity:* Clark Crim. L., 375; 54 S. C., 237; 2 Mill., 155; 8 Rich., 322.

January 30, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The appellant was tried before his Honor, Judge Rice, and a jury at the May term of the Court of General Sessions, 1922, on an indictment charging him with housebreaking and grand larceny, convicted on both counts, and sentenced by his Honor to imprisonment for the term of 18 months. Appellant appeals by two exceptions which practically raise one point, to wit, the plea of former jeopardy. The indictment under which defendant was convicted alleges housebreaking and grand larceny, both of which are felonies.

The Consttution of 1895, Art. 5, § 21, defines the jurisdiction of Magistrates, and the charges in the indictment being felonies do not come in the jurisdiction of Magistrate's Court. For the defendant to be in jeopardy it is essential that the Court trying him have jurisdiction.

"According to the decisions of this state, and the weight of authority elsewhere, it may be stated, as a general rule, that one is in jeopardy when a legal jury is sworn and impaneled to try him upon a valid indictment, in a competent Court." *State v. Stephenson,* 54 S. C., 237; 32 S. E., 305.

The evidence in the case is ample and sufficient to warrant the jury in rendering the verdict it did.

The trial in the Magistrate's Court was a nullity, as the Magistrate Court was without jurisdiction, and defendant was not put in jeopardy by the trial in Magistrate's Court.

Exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES FRASER, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.