628 S.E.2d 892

**Willie JAMES, Petitioner**

v.

**STATE of South Carolina, Respondent.**

No. 4099.

Court of Appeals of South Carolina.

Submitted Jan. 30, 2006.

Decided March 27, 2006.

Assistant Appellate Defender Eleanor Duffy Cleary, Office of Appellate Defense, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott and Assistant Attorney General Sabrina Todd, Office of Attorney General, all of Columbia, for Respondent.

324

GOOLSBY, J.:

This is a PCR case. The petitioner Willie James contends his counsel was ineffective for not objecting to the State's failure to provide written notice to him of its intention to seek a sentence of life imprisonment without parole as required by S.C.Code Ann. § 17–25–45(H) (2003). The trial court dismissed James' petition. We reverse and remand for resentencing.

An indictment charged James with armed robbery. Because he had a prior armed robbery conviction, the State sought to have him sentenced to life imprisonment without the possibility of parole pursuant to S.C.Code Ann. § 17–25–45(A)(1) (2003). South Carolina Code section 17–25–45(H) provides the following regarding notice:

> Where the solicitor is required to seek or determines to seek sentencing of a defendant under this section, written notice must be given by the solicitor to the defendant and defendant's counsel not less than ten days before trial.[1]

The trial court found defense counsel received the required written notice but James did not; however, the trial court also found James had actual notice of the State's intention to seek a sentence of life imprisonment without parole.

Our recent case of *State v. Johnson*[2] controls the result here. In *Johnson*, a majority of this court held insufficient the notice required by section 17–25–45(H) where the State served written notice upon the defendant but not upon his counsel, notwithstanding both the defendant and his lawyer had actual notice of the State's intention to seek a sentence of life imprisonment without parole. The court observed:

> By its words in the recidivist statute, the General Assembly has mandated that the solicitor "must" notify the defendant and the defendant's counsel in writing if the solicitor intends to seek a life sentence without the possibility of parole. For this Court to dismiss the clear and unambiguous language of the statute and merely require the defendant's counsel to have actual notice of the solicitor's intent to seek life without

---

1. S.C.Code Ann. § 17–25–45(H) (2003).

2. 347 S.C. 67, 552 S.E.2d 339 (Ct.App.2001), *cert. denied* (S.C. March 6, 2002).

parole would have the effect of amending the statute. In our view, actual notice under section 17–25–45(H) is insufficient unless and until the General Assembly decides otherwise and amends the statute itself.[3]

As noted in footnote two, *supra,* the supreme court declined to review the decision. It did so, notwithstanding one judge dissented.[4]

We discern no meaningful distinction between the *Johnson* case and the one here. The statute in question requires *both* a defendant and defendant's counsel to receive written notice of the State's intention. In *Johnson,* the solicitor notified the defendant in writing but not the defendant's counsel; here, the solicitor notified the defendant's counsel in writing but not the defendant. To paraphrase the majority's words in *Johnson,* for this court to dismiss the clear and unambiguous language of the statute and merely require the defendant to have actual notice of the solicitor's intent to seek life imprisonment without parole would have the effect of amending the statute. The statute is the same today as it was when this court decided *Johnson.*

Regarding the State's argument that written notice to defense counsel sufficed to provide written notice to the defendant because defense counsel served as the defendant's agent, we can only say not in this case—not where the statute, as this court held in *Johnson,* in clear and unambiguous language requires both a defendant and his counsel to be served with written notice. If a defendant's actual notice is insufficient to satisfy the requirements of section 17–25–45(H), then his imputed knowledge certainly is.

To establish a claim of ineffective assistance of counsel, a PCR applicant must prove trial counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability the result would have been different but for counsel's error.[5] James made such a showing here

---

3. 347 S.C. at 70, 552 S.E.2d at 340.

4. *See* Rule 226(b)(2), SCACR (listing a dissent in the decision of the Court of Appeals as a factor in determining whether to grant certiorari).

5. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

when he proved counsel did not raise the issue of the State's failure to serve the defendant with written notice, even though the statute, as this court later held, plainly required a defendant to be so served, and as a result James was sentenced to life imprisonment without the possibility of parole in violation of the statute. This failure obviously prejudiced him. Moreover, that this court decided *Johnson* after the trial court sentenced James is of little moment in view of the "clear and unambiguous language" [6] of section 17–25–45(H).

**REVERSED AND REMANDED.**

HUFF and KITTREDGE, JJ., concur.

---

6.  347 S.C. at 70, 552 S.E.2d at 340.