641 S.E.2d 899

**Willie JAMES, Respondent,**

v.

**The STATE of South Carolina, Petitioner.**

**No. 26276.**

Supreme Court of South Carolina.

Submitted Jan. 18, 2007.

Decided Feb. 27, 2007.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Sabrina C. Todd, all of Columbia, for Petitioner.

Appellate Defender Eleanor Duffy Cleary, of South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Respondent.

Chief Justice TOAL:

In this PCR case, the court of appeals held that the fact that Respondent Willie James ("Respondent") had actual notice of the State's intention to seek a sentence of life without the possibility of parole under South Carolina's recidivist statute did not satisfy the Code's requirement that both

Respondent and his counsel receive written notice of the State's intention prior to Respondent's trial. Accordingly, the court of appeals held that Respondent's trial counsel was ineffective for failing to object that Respondent did not receive the required written notification. We reverse.

## FACTUAL/PROCEDURAL BACKGROUND

Respondent was convicted of armed robbery in April 1998. Because Respondent's criminal record included a previous conviction for armed robbery, Respondent was eligible to be sentenced under South Carolina's "two strikes/three strikes" recidivist statute. *See* S.C.Code Ann. § 17–25–45 (2003). Pursuant to the statute, the trial court sentenced Respondent to imprisonment for life without the possibility of parole ("LWOP"), and this Court upheld the trial court's decision on direct appeal. *State v. James,* Op. No. 2000–MO–101 (S.C. Sup.Ct. filed July 19, 2000).

In 2001, Respondent filed a petition for post-conviction relief. As one of several grounds raised in his petition, Respondent alleged that his trial counsel was ineffective in not objecting to Respondent's sentence on the basis of the State's failure to provide Respondent with written notice of its intention to seek LWOP as required by § 17–25–45(H).

The PCR court denied Respondent relief and offered two principal bases for its decision. First, the court found that both Respondent and his trial counsel were aware of the State's intention to seek LWOP well in advance of Respondent's trial. In light of this Court's precedent providing that § 17–25–45(H) requires only actual notice, *see State v. Washington,* 338 S.C. 392, 526 S.E.2d 709 (2000), the PCR court concluded that the statute had not been violated. The court distinguished the court of appeals case *State v. Johnson,* 347 S.C. 67, 552 S.E.2d 339 (Ct.App.2001) (holding that § 17–25–45(H)'s written notice requirement is mandatory), on the grounds that in the instant case, it was Respondent, and not trial counsel, who did not receive written notification. As a second basis for its decision, the PCR court found that providing written notice to Respondent's trial counsel, who was Respondent's agent for service of official documents, would be sufficient to comply with a requirement that written notice be provided to Respondent.

The court of appeals reversed the PCR court's decision. Relying directly on its opinion in *Johnson*, the court held that § 17–25–45(H) was clear and unambiguous in its requirement that both a defendant and his counsel be served with written notice of the State's intention to seek an LWOP sentence prior to trial. *James v. State*, 368 S.C. 323, 325, 628 S.E.2d 892, 893 (Ct.App.2006). The court held that trial counsel's representation fell below an objective standard of reasonableness given his failure to object to the State's clear non-compliance with the statute, and the court found that this deficiency prejudiced Respondent because Respondent was "sentenced to [LWOP] in violation of the statute." *Id.* at 325–26, 628 S.E.2d at 894.

After the court of appeals remitted the case, we ordered the court of appeals to recall the remittitur and announced our intention to grant a writ of certiorari. The State presents the following issue for review:

> Did the court of appeals err in finding that trial counsel was ineffective for failing to object to Respondent's sentence where Respondent did not receive written notice that the State would be seeking a sentence of life without the possibility of parole?

### STANDARD OF REVIEW

 This Court gives great deference to the PCR court's findings and conclusions. *Caprood v. State*, 338 S.C. 103, 109, 525 S.E.2d 514, 517 (2000) (citing *McCray v. State*, 317 S.C. 557, 455 S.E.2d 686 (1995)). A PCR court's findings will be upheld on review if there is any evidence of probative value supporting them. *Cherry v. State*, 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989).

 To establish a claim of ineffective assistance of counsel, a PCR applicant must establish both that counsel's representation fell below an objective standard of reasonableness and that but for counsel's errors, there is a reasonable probability that the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

## LAW/ANALYSIS

■ The State argues that Respondent's trial counsel was not ineffective for failing to object that Respondent had not been provided with written notice of the State's intention to seek an LWOP sentence prior to trial. We agree.

As an initial matter, the posture in which the issue of Respondent's receipt of notice arose at trial is revealing. During the preliminary motions phase immediately preceding Respondent's trial, the parties engaged in a discussion with the trial court about the issue of notice. At the beginning of this colloquy, both Respondent and Respondent's counsel indicated that each was aware that Respondent was facing the possibility of an LWOP sentence. The court then inquired as to whether the solicitor had given written notice of the State's intention to seek such a sentence, and the solicitor indicated that although a copy of the notice was not filed with the clerk's office, he had provided written notice to Respondent's counsel approximately six months prior to trial. Respondent's counsel then indicated that the defense "had notice" and had "known about this for months." The issue of notice was not raised again until the sentencing phase of Respondent's trial, and during the sentencing proceeding, the solicitor provided the court with a copy of the written notice he had previously given to Respondent's counsel. The court indicated that the parties had agreed that the defense was on notice as to the potential sentence in the case and that "notice was adequate."

As these facts demonstrate, the issue of notice arose first at the pre-trial stage and the discussion concluded when Respondent's counsel stipulated that the defense had received adequate notice. Given this scenario, the proper interpretation of Respondent's PCR claim is that counsel should have objected that Respondent had not been provided with written notice as required by the statute instead of stipulating that notice was adequate. Respondent's claim may not be interpreted as an assertion that his counsel should have stipulated as he did during the pre-trial phase and then raised this issue again at sentencing. *See Erickson v. Jones Street Publishers, L.L.C.*, 368 S.C. 444, 475–76, 629 S.E.2d 653, 670 (2006) (providing that generally, a party may not complain about an error induced by his own conduct).

This clarification is important because assuming that Respondent's counsel was deficient for failing to object to the alleged non-compliance with the statute, Respondent cannot demonstrate that this deficiency resulted in any prejudice. As this Court's precedent provides, jeopardy does not attach in a jury trial until the jury is sworn and impaneled. *State v. Rountree,* 127 S.C. 261, 262, 121 S.E. 205, 205 (1924). In the instant case, counsel's stipulation occurred pre-trial and before the jury was sworn. Thus, assuming that competent counsel would have objected based on the lack of written notice instead of stipulating that notice was adequate, upon hearing such an objection, the solicitor could simply have dismissed the indictment, re-indicted Respondent, provided Respondent with written notice, and proceeded to seek an LWOP sentence. Furthermore, leaving jeopardy analysis aside, it would have been entirely proper for the solicitor, upon hearing counsel's objection, to have concluded with the pre-trial motions in the case and postponed Respondent's trial to allow the solicitor to provide Respondent with written notice. Either of these procedures would have resulted in Respondent receiving an LWOP sentence despite the objection that Respondent contends trial counsel should have offered.

The court of appeals was mistaken in characterizing the prejudice in this case as Respondent being sentenced *in violation* of the statute. Instead, the proper characterization of any error is that Respondent agreed to proceed immediately to trial *despite* the violation of the statute. Instructively, there is no authority that would prevent the State, should this Court grant Respondent's request for a new trial, from seeking an LWOP sentence under the recidivist statute on remand.[1]

Respondent cannot demonstrate that but for trial counsel's errors, there is a reasonable probability the result of the trial would have been different. Accordingly, the court of appeals

---

1. Indeed, if Respondent was charged with armed robbery on remand, a "most serious offense" as defined in § 17–25–45(C), the solicitor would, in fact, be required to seek an LWOP sentence under the recidivist statute. *See* S.C.Code Ann. § 17–25–45(G) (2003). Similarly, if Respondent was again found guilty, the trial court would have no choice but to sentence Respondent to LWOP.

erred in determining that Respondent received ineffective assistance from his trial counsel.[2]

The State's argument in favor of reversal goes along different lines.[3] Specifically, the State argues that the court of appeals erred in reversing Respondent's sentence because § 17–25–45(H) requires only actual notice. Again, we agree.

The recidivist statute's notice provision, § 17–25–45(H), provides:

Where the solicitor is required to seek or determines to seek sentencing of a defendant under this section, written notice must be given by the solicitor to the defendant and the defendant's counsel not less than ten days before trial.

Our decision in *State v. Washington* controls the resolution of this issue. That case involved a prosecution for first degree burglary, and although the solicitor gave the defendant written notice that he would be seeking a sentence under the recidivist statute, due to errors in the original indictment, the solicitor later re-indicted the defendant. 338 S.C. at 398, 526 S.E.2d at 711–12. After the re-indictment, the solicitor did not send a second notice to the defendant. *Id.* at 398, 526 S.E.2d at 712.

We held that the failure to send a second notice to the defendant did not prevent the imposition of an LWOP sentence under the recidivist statute. After recounting the fact that South Carolina law has historically not required that a defendant be informed if he is going to be punished more severely on the basis of his previous convictions, we stated "[t]his Court has found that under such notice statutes, the law only requires actual notice." *Id.* at 399, 526 S.E.2d at 712. Ultimately, this Court concluded that since the defendant "had actual notice of the State's intent, a second notice following re-indictment was unnecessary." *Id.*

---

**2.** Though we express no opinion on how our analysis would differ in the face of such a claim, we note that Respondent has not asserted that receiving written notice would have affected the merits of the defense he presented at trial.

**3.** Although the State has not presented the prejudice analysis we have outlined, our appellate rules provide that we may affirm a decision upon any grounds appearing in the record. Rule 220(c), SCACR.

Despite *Washington's* clear pronouncement, the court of appeals reached a contrary interpretation of § 17–25–45(H) in *State v. Johnson,* on which the court based its decision in the instant case. In *Johnson,* the court of appeals held:

> By its words in the recidivist statute, the General Assembly has mandated that the solicitor "must" notify the defendant and the defendant's counsel in writing if the solicitor intends to seek a life sentence without the possibility of parole.... In our view, actual notice under section 17–25–45(H) is insufficient unless and until the General Assembly decides otherwise and amends the statute itself.

347 S.C. at 70, 552 S.E.2d at 340. The court of appeals distinguished *Washington* on the grounds that, in that case, the defendant had received written notice that the solicitor was seeking to invoke the recidivist statute, albeit before the original indictment was dismissed. *Johnson,* 347 S.C. at 71, 552 S.E.2d at 341. The court opined that *Washington* was decided on the basis that the prior written notice sufficiently satisfied the statute's written notice requirement. *Id.*

The fact that we declined to grant a writ of certiorari to review the court of appeals' decision in *Johnson* is not an impediment to our reviewing the merits of that decision now. Although there are subtle distinctions in the facts presented in *Washington* and *Johnson,* any attempt to make a meaningful distinction between the cases does not withstand serious scrutiny.[4] Thus, we are faced with a situation in which this Court has made a clear pronouncement on an issue, and the court of appeals has subsequently strayed from adhering to that pronouncement. Either the rule we announced in *Washington* requires revision, or the rule requires restating.

Nothing about our holding in *Washington* was equivocal, and we can discern no sufficient rationale for adopting a rule contrary to the one we there advanced. The purpose of § 17–25–45(H) is to assure that a defendant and his counsel have actual notice that the State is seeking a sentence under the recidivist statute at least ten days prior to trial. Accordingly,

---

4. While the scenario in *Washington* dealt with the defendant's receipt of written notice in a re-indictment situation, the issue of notification in *Johnson* dealt with the defendant's attorney, who had not provided with written notice at any time. In light of the actual holdings in these cases, however, this distinction is insignificant.

so long as the defendant and his counsel, at least ten days prior to trial, possess actual notice of the State's intention to seek a sentence under South Carolina's recidivist statute, the statute has been satisfied. As the court of appeals' decision in *State v. Johnson* is inconsistent with this pronouncement, it is overruled.[5]

## Conclusion

For the foregoing reasons, we reverse the court of appeals' decision.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

**5.** As a practical matter, the most effective way of assuring that both defendant and counsel receive actual notice in the required time frame is to provide them notice in writing. Though this seems a simple task, the frequency with which this issue has appeared in our jurisprudence reveals that it is overlooked with surprising regularity. This problem ought to be easily identifiable and preventable.

Finally, there is ample evidence to support the PCR court's conclusion that both Respondent and his counsel had actual notice of the State's intentions. Trial counsel testified at the PCR hearing that he had notice several months prior to Respondent's trial, and Respondent indicated on several occasions, including months in advance of trial, that he knew he was facing an LWOP sentence under "the habitual criminal act."