THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 James R.
 Standard, Respondent,
 
 
 

v.

 
 
 
 State of South Carolina, Petitioner.
 
 
 

ON WRIT OF CERTIORARI

Appeal From Anderson County
James C. Williams, Jr., Circuit Court
 Judge
Memorandum Opinion No. 2007-MO-066
Submitted December 5, 2007  Filed
 December 10, 2007
REVERSED

 
 
 
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh,
 Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney
 General Robert L. Brown, all of Columbia, for Petitioner.
 Deputy Chief Attorney Wanda H. Carter, South Carolina Commission
 on Indigent Defense, Division of Appellate Defense, of Columbia, for Respondent.
 
 
 

PER CURIAM:  The
 State seeks a writ of certiorari to review the order of the circuit court granting
 respondents application for post-conviction relief (PCR).  We grant the
 States petition, dispense with further briefing, and reverse the decision of
 the circuit court.
Respondent
 was charged with first-degree burglary and grand larceny.  The State gave
 respondent written notice of its intent to seek life imprisonment without
 parole pursuant to S.C. Code Ann. § 17-25-45 (2003 & Supp. 2006), but
 failed to give trial counsel written notice.  However, trial counsel received
 actual notice, and trial counsel did not object to the States failure to give
 him written notice.
The PCR judge relied on State
 v. Johnson, 347 S.C. 67,
 552 S.E.2d 339 (Ct. App. 2002), in finding trial counsel was ineffective for
 failing to object to improper notice pursuant to § 17-25-45.  However, this
 Court has since overruled the Court of Appeals decision in Johnson,
 holding that the State has complied with the notice requirements of § 17-25-45
 if both the defendant and the defendants counsel received actual notice.  James v. State, 372 S.C. 287, 641 S.E.2d 899 (2007).
Because
 the PCR judge erred in finding trial counsel ineffective for failing to object
 to the lack of written notice, we reverse the decision of the PCR judge.
REVERSED.
TOAL,
 C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.