THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.  
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Andre Maurice Massey, Appellant.
 
 
 

Appeal From Sumter County
George C. James, Jr., Circuit Court Judge

Unpublished Opinion No. 2012-UP-098
 Submitted February 1, 2012  Filed
February 22, 2012    

AFFIRMED

 
 
 
 Appellate Defender LaNelle Cantey DuRant,
 of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 and Assistant Attorney General Mark R. Farthing, all of Columbia; and Solicitor
 Ernest A. Finney, III, of Sumter, for Respondent.
 
 
 

PER CURIAM:  Andre
 Maurice Massey appeals his convictions for armed robbery and possession of a
 weapon during the commission of a violent crime, arguing the trial court erred
 in: (1) denying Massey's suppression motion and motion for a mistrial based on
 evidence obtained in violation of section 24-21-290 of the South Carolina Code
 (2007), and (2) sentencing Massey to life without parole when the notice was
 deficient because it did not include the words "without parole."  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and
 the following authorities:  
1. As to whether the
 trial court erred in denying Massey's motion to suppress and motion for a
 mistrial:  S.C. Code Ann. § 24-21-290 (2007) ("All information and data
 obtained in the discharge of his official duty by a probation agent is
 privileged information, is not receivable as evidence in a court, and may not
 be disclosed directly or indirectly to anyone other than the judge or others
 entitled under this chapter to receive reports unless ordered by the court or
 the director."); State v. Baccus, 367 S.C. 41, 48, 625 S.E.2d 216,
 220 (2006) ("The trial [court]'s factual findings on whether evidence
 should be suppressed due to a Fourth Amendment violation are reviewed for clear
 error."); State v. Stanley, 365 S.C. 24, 33, 615 S.E.2d 455,
 460 (Ct. App. 2005) ("The decision to grant or deny a mistrial is
 within the sound discretion of the trial [court]."); Hutto v. State, 387
 S.C. 244, 250, 692 S.E.2d 196, 199 (2010) (holding that even if a disclosure is
 made in violation of section 24-21-290, the exclusionary rule would not
 apply to a statutory right).
2. As to whether the
 trial court erred in sentencing Massey to life without parole when the notice
 was deficient because it did not include the words "without parole":
 S.C. Code Ann. § 17-25-45(H) (Supp. 2011) ("Where the solicitor is
 required to seek or determines to seek sentencing of a defendant under this
 section, written notice must be given by the solicitor to the defendant and
 defendant's counsel not less than ten days before trial."); James v.
 State, 372 S.C. 287, 294, 641 S.E.2d 899, 903 (2007) ("[S]o long as
 the defendant and his counsel, at least ten days prior to trial, possess actual
 notice of the State's intention to seek a sentence under South Carolina's
 recidivist statute, the statute has been satisfied."); State v.
 Burdette, 335 S.C. 34, 39-40, 515 S.E.2d 525, 528 (1999) ("Once the
 indictment informs a defendant of the charges against him, section 17-25-45(H) only requires the solicitor to inform the defendant that the recidivist sentencing
 statue will be applied upon conviction." (emphasis added)).
AFFIRMED.
WILLIAMS,
 THOMAS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.