**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tamel Davis, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2010-157967

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2013-UP-214
Submitted April 1, 2013 – Filed May 22, 2013

**AFFIRMED**

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Petitioner.

Assistant Attorney General Brian T. Petrano, of Columbia, for Respondent.

**PER CURIAM:** Petitioner seeks a writ of certiorari from the denial of his application for post-conviction relief (PCR).

Because sufficient evidence supports the PCR judge's finding Petitioner entitled to a belated appeal, we grant certiorari on Petitioner's Question One and proceed with a review of the direct appeal issue pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986).

We affirm pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 17-25-45(H) (2003 & Supp. 2012) ("Where the solicitor is required to seek or determines to seek sentencing of a defendant under [the recidivist statute], written notice must be given by the solicitor to the defendant and defendant's counsel not less than ten days before trial."); *James v. State*, 372 S.C. 287, 294, 641 S.E.2d 899, 903 (2007) ("The purpose of [section] 17-25-45(H) is to [ensure] a defendant and his counsel have *actual notice* that the State is seeking a sentence under the recidivist statute at least ten days prior to trial." (emphasis added)) (overruling *Johnson v. State*, 347 S.C. 67, 552 S.E.2d 339 (Ct. App. 2001) (holding defendant's actual notice of State's intention to seek life sentence did not meet notice requirements of recidivist sentencing statute)).

As to Question Two and Question Three, after careful consideration, we deny the petition.

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.