**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Abdul Furquan, Appellant.

Appellate Case No. 2013-002075

Appeal From Horry County
Larry B. Hyman, Jr., Circuit Court Judge

Unpublished Opinion No. 2016-UP-479
Submitted October 1, 2016 – Filed November 16, 2016

**AFFIRMED**

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Blackmon*, 304 S.C. 270, 273, 403 S.E.2d 660, 662 (1991)

("When the terms of the statute are clear and unambiguous, the court must apply them according to their literal meaning."); *State v. Morgan*, 352 S.C. 359, 366, 574 S.E.2d 203, 206 (Ct. App. 2002) ("Words must be given their plain and ordinary meaning without resorting to subtle or forced construction which limits or expands the statute's operation."); S.C. Code Ann. § 17-25-45(A) (2014) ("[U]pon a conviction for a most serious offense as defined by this section, a person *must* be sentenced to a term of imprisonment for life without the possibility of parole if that person has . . . (1) one or more prior convictions for: (a) a most serious offense . . . ." (emphasis added)); S.C. Code Ann. § 17-25-45(C) (Supp. 2015) (stating criminal sexual conduct with minors, first-degree burglary, and attempted murder are "[m]ost serious offense[s]"); *State v. Burdette*, 335 S.C. 34, 41, 515 S.E.2d 525, 529 (1999) ("If a defendant is convicted of one of the [section 17-25-45(C)] triggering offenses, the matter of sentencing becomes the province of the legislature."); *State v. Johnson*, 347 S.C. 67, 69, 552 S.E.2d 339, 340 (Ct. App. 2001) ("The General Assembly has made the sentencing provisions of section 17-25-45(A) mandatory."), *overruled on other grounds by James v. State*, 372 S.C. 287, 641 S.E.2d 899 (2007); *State v. Jones*, 344 S.C. 48, 56, 543 S.E.2d 541, 545 (2001) ("The cruel and unusual punishment clause requires the duration of a sentence not be grossly out of proportion with the severity of the crime."); *State v. Rogers*, 361 S.C. 178, 187-88, 603 S.E.2d 910, 915 (Ct. App. 2004) (holding the defendant's sentence of life imprisonment without the possibility of parole pursuant to the recidivist statute was not cruel and unusual punishment when the defendant was convicted of a most serious offense nineteen years prior).

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.